## OHIO SUPREME COURT—Continued

### No. 8
### STATE v| AUERBACH
Ohio Supreme Court
No. 17770. . Decided May 29, 1923

480. EVIDENCE—Person of ordinary intelligence competent to testify as to speed of moving vehicle.

333. CRIMINAL LAW—Conviction will not be reversed for improper remarks of prosecuting attorney, where no prejudicial error results.

DAY, J.

#### Epitomized Opinion
First Publication of this Opinion

Auerbach was indicted for manslaughter. The evidence disclosed that on September 4, 1921, Auerbach while driving north on Ninth street in the City of Cleveland, Ohio, was directed by a traffic officer to turn into Walnut avenue, further driving north on Ninth street being prohibited by a parade. While in the act of turning into Walnut street, Auerbach struck and killed Thomas White, who was upon the cross walk at the time. Auerbach was then indicted upon the ground that he was running his motor vehicle in violation of GC. 12603. Upon trial Auerbach was convicted.

During the proceeding the opinion of lay witnesses was offered in evidence as to the speed at which Auerbach was driving his automobile at the time of the accident. Error was prosecuted to the Court of Appeals upon two grounds: first, that the witnesses were not qualified to show ability to express an opinion as to speed, and, second, that the prosecuting attorney in his argument made comment which was improper and prejudicial. The Court of Appeals reversed the judgment of the lower court. In affirming the conviction and reversing the Court of Appeals, the Supreme Court hold, in its Official Syllabus, as follows:

1. It is a general rule that any person or ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving automobile; the qualifications of the witness to judge accurately going to the weight which the jury may give his testimony rather than to its competency. Unless an abuse of discretion appears in permitting an expression of such opinion, no prejudicial error intervenes.

2. In a criminal case, where improper remarks are made in a closing argument by counsel for the State in reply to statements by counsel for the defendant upon the same subject-matter, and objection is made thereto by defendant's counsel, and the court immediately instructs the jury to disregard such argument on behalf of the State and to draw no conclusion with reference to those particular matters prejudicial to the defendant, under such circumstances, no prejudicial error appearing to have resulted therefrom, a verdict will not be disturbed upon that ground.

Attorneys—Edward C. Stanton, Pros., and H. E. Parsons, Asst. Pros., both of Cleveland, for State; Reed, Meals, Orgill & Maschke and Max P. Goodman, all of Cleveland, for Auerbach.

### No. 9
### GOSS v. FIORINI
Ohio Supreme Court
No. 17719. Decided May 29, 1923

593. GUARDIAN AND WARD—Question of failure of Probate Court to docket proceedings held not raised—Hence no question before the court for consideration.

PER CURIAM.

#### Epitomized Opinion
First Publication of this Opinion

This action was brought in the Montgomery Common Pleas by Fiorini et al, as guardians of the estate of B., to set aside a conveyance made by B. B. was adjudged incompetent on Feb. 13, 1920. Guardians were appointed Feb. 18, 1920. Conveyance was executed Feb. 25, 1920.

The costs of appointment were not paid until Feb. 25th—the date of the conveyance. By a rule of the Probate Court the proceedings were not docketed or recorded until the costs were paid. Plaintiffs recovered judgment in the Common Pleas and in the Court of Appeals. The latter court certified the case to this court because of the question of the failure of the Probate Court to docket and record the proceedings in the matter of the guardianship. Held:

There is evidence in the record tending to prove that the proceedings in the Probate Court were docketed immediately prior to the execution of the deed and that defendants had actual notice of the proceedings and of the judgment prior to the docketing. Hence there is no question before the court for consideration. Petition in error dismissed.

Attorneys—Wm. S. Rhotehamel, Dayton, for Goss; Fiorini & Solimano and Murphy, Elliff, Leen & Murphy, all of Dayton, for Fiorini.