## No. 438
## HARMON et v. JONES

Ohio Appeals, 3rd Dist., Logan Co.

No. 747. Decided Feb. 8, 1927

829. NEGLIGENCE — Doctrine of last chance—In automobile collision, doctrine of last chance would not apply, where driver of plaintiff's car was negligent, and her negligence, concurrently with the negligence of defendant contributed to produce the injury; but would apply only if the negligence of the defendant was subsequent and not contemporaneous with the negligence of the driver of the plaintiff's car so that the negligence of the former was the proximate cause of the injury and that of the plaintiff the remote cause.

First Publication of this Opinion

WARDEN, J.

Salome Harmon was driving the automobile of George Harmon on an intercounty highway in an eastwardly direction. Willie Jones was driving along a road in a southerly direction, and at the intersection of these two roads, there occurred a collision between the two automobiles, both cars being damaged.

The Harmons sued Jones in Logan Common Pleas for damages to their car. Jones, by cross-petition, pleaded the doctrine of last clear chance an dprayed for damages to his car. Salome Harmon testified that she saw Jones' car and that he was so close to it that she believed by speeding up she could avoid the collision which seemed imminent. Jones testified that he was travelling about 15 miles an hour and at about 500 feet from the highway looked for approaching vehicles but failed to observe any; and was aware that travelers on that highway had the right of way.

The jury returned a verdict against plaintiffs on their amended petition and against defendant on his amended cross-petition. Judgment was rendered on the verdict and error was prosecuted by plaintiffs who claimed that there was error in the introduction and rejection of evidence; in the refusal to charge before argument; in the charge given before argument, and in the general charge. The Court of Appeals held:

1. Sections 6310-30 GC. provides that an intercounty highway is a main thoroughfare and 6310-31 GC. provides that vehicles going on main thoroughfares have the right of way over those on intersecting roads.

2. Plaintiff's automobile, being upon a main thoroughfare, had the right to proceed uninterruptedly in a lawful manner in the direction it was moving, in preference to defendant's car approaching from a different direction.

3. The driver of plaintiff's car was not required to anticipate that defendant would disobey the law by failing to yield to her the right of way; and only when she saw or by exercise of ordinary care should have seen that defendant was about to drive into her path, was she called upon to use ordinary care, and then only to use ordinary care under the circumstances.

4. Under the circumstances, a greater degree of care was required of the defendant than of Harmon and as the request of plaintiff that "Greater care to avoid a collision is imposed on the driver not having the right of

way than upon the other, etc." is a correct statement of the law, was pertinent to the issues in the case and was not covered by another charge before argument on the same subject and it should have been given, the refusal of which was error. 101 OS. 282.

5. Under the pleadings and admissions of defendant, he was guilty of negligence per se, and the court should have so charged. The question of defendant's negligence was not submissible to the jury, and the charge given thereon was erroneous and prejudicial.

6. "The doctrine of last chance as formulated in 49 OS. 230, does not apply where plaintiff has been negligent, and his negligence continues, and concurrently with the negligence of defendant, directly contributes to produce the injury; it applies only where there is negligence of the defendant subsequent to, and not contemporaneous with, negligence of the plaintiff, so that the negligence of the defendant is clearly the proximate cause of the injury and that of the plaintiff the remote cause. 76 OS. 234.

7. The doctrine of last chance did not apply in this case and the charge by the court thereon was erroneous and prejudicial.

Judgment reversed and cause remanded.

(Warden & Crow, JJ., concur.)

Attorneys—Miller & Middleton, Hale & McGee and Hamilton & Hamilton, Bellefontaine, for Harmon; West & Campbell, Bellefontaine, and Stickle & Cessna, Kenton, for Jones.

---

## No. 439
## ONKST v. RECKER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 708. Decided Feb. 11, 1927

118. AUTOMOBILES—Person of ordinary intelligence who has opportunity for observation, is competent to testify as to rate of speed of automobile.

BY THE COURT.

On Rehearing.

The Court of Appeals, upon application of Ellis R. Onkst for a rehearing held:

1. A re-examination of the briefs and the bill of exceptions does not disclose any error prejudicial to Onkst in respect to the admission of evidence.

2. Objection was made to the admission of so-called expert evidence as to the speed and stopping of the automobile. The matter as to judging speed is almost a matter of common knowledge.

3. A person of ordinary intelligence who has an opportunity for observation, is competent to testify as to the rate of speed of a moving automobile. Unless an abuse of discretion appears in permitting an expression of such opinion, no prejudicial error intervenes. State v. Auerbach, 108 OS. 96.

4. The trial court did not abuse its discretion in the admission of such expert testimony and the application for rehearing should be refused and the former decision adhered to.

Judgment accordingly.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—Mattern, Brumbaugh & Mattern for Onkst; Carrol Sprigg and Egan & Delscamp for Recker; all of Dayton.