Zimmerman, J.
 

 In pressing for a reversal of the judgment of the Court of Appeals, defendant Layton relies principally on two alleged errors:
 

 1. Failure of the trial court to charge on contributory negligence.
 

 2. Misconduct of counsel for plaintiff in his opening argument to the jury.
 

 Two theories as to the cause of the collision were presented to the jury. Defendant Macielewicz contended, in effect, that defendant Layton suddenly swerved his car from its proper lane of travel across the path of his, Macielewicz’s, car; that he, Macielewicz, to avoid a crash, immediately turned the front wheels of his car to the left; that Layton then attempted to regain his proper lane of travel; and that, during his attempt to do so, the collision occurred.
 

 On the other hand, Layton claimed that he was at all times on the side of the road where he properly belonged, and that the collision was due to the fact that the Macielewicz car made a sudden left turn directly in front of him.
 

 From the conflicting evidence introduced, the jury apparently reached the conclusion that both defendants were at fault and chargeable with negligence, and it rendered its verdict accordingly.
 

 In the situation here involved, the question of negligence on the part of one or both defendants was for the jury’s determination, and, the jury having re
 
 *309
 
 solved that matter in the exercise of the prerogatives accorded it, no basis predicated on such matter exists for judicial disturbance of the finding made.
 

 The events leading up to the collision herein were of rapid sequence — a matter of a few seconds. Defendant Macielewicz and plaintiff both testified that immediately upon the claimed swerve of the Layton car into the path of the Macielewicz car, Macielewicz exclaimed, “What * * * is the matter with those fellows,” sounded his horn and turned the front wheels of his automobile to the left, the impact following at once.
 

 In the fifth paragraph of the syllabus of
 
 Bush, Admr.,
 
 v.
 
 Harvey Transfer Co.,
 
 146 Ohio St., 657, 67 N. E. (2d), 851, this court announced the rule:
 

 “To warrant the submission of the issue of contributory negligence to the jury it is essential that some evidence be adduced tending to show that the plaintiff [a passenger in the automobile] failed in some respect to exercise the care of an ordinarily prudent person under the same or similar circumstances and that such failure was a proximate cause of his injury and resulting death.”
 

 And in the case of
 
 McCrate
 
 v.
 
 Morgan Packing Co.
 
 (C. C. A. 6), 117 F. (2d), 702, opinion written by judge Florence E. Allen, formerly a member of this court, it was held that, under the law of Ohio, where everything a passenger in an automobile could see was equally visible to the driver and that there was nothing to indicate to the passenger that there was danger of a collision until it was imminent, and nothing the passenger could then do would affect the result, the passenger is under no duty to warn the driver or to attempt to control his operation of the vehicle.
 

 An examination of the record in the instant case convinces the court that no evidence was introduced tending to show contributory negligence on the part of
 
 *310
 
 the plaintiff, and that the trial court correctly refused to charge on that subject.
 

 Now as. to the misconduct of counsel in his opening' argument to the jury. The part of such argument to which the defendant Layton takes exception has been set out above in the statement of facts. Those remarks, although somewhat obscure as to their precise meaning, were highly improper and should not have been made; they cannot be defended. However, the trial judge promptly and emphatically told the jury to disregard them, which was a plain indication of his disapproval.
 

 Under the circumstances narrated, a majority of the court is not prepared to hold that the argument of counsel was so vicious and reprehensible as to call for a reversal of the judgment in plaintiff’s favor.
 

 In our opinion, the principle stated in the fifth paragraph of the syllabus of
 
 Huckshold
 
 v.
 
 St. Louis, Iron Mountain & Southern Ry. Co.,
 
 90 Mo., 548, 2 S. W., 794, quoted with approval in
 
 State
 
 v.
 
 Auerbach,
 
 108 Ohio St., 96, 104, 140 N. E., 507, 510, should be applied here. Such statement is:
 

 ‘ ‘ The trial judge who hears the arguments of opposing counsel is in a better position than the appellate court to determine whether he should interfere because' of improper remarks, it being a matter within his sound discretion, and it is only where such discretion has clearly been abused that the Supreme Court will reverse the judgment for such cause.”
 

 Moreover, this court, in the course of the opinion in
 
 Warder, Bushnell & Glessner Co.
 
 v.
 
 Jacobs,
 
 58 Ohio St., 77, 82, 50 N. E., 97, 98, said:
 

 “As much as we reprehend such practice in counsel [the making of improper remarks in argument to the jury], we are not prepared to say that use of such language may not be so far corrected by the court by the reproof of counsel and instruction to the jury, as,
 
 *311
 
 in a clear case upon the evidence, to warrant the court trying the case to sustain the verdict rendered. ’ ’
 

 Defendant Layton makes no claim that the evidence was not sufficient to support
 
 a verdict
 
 against him or that the injuries suffered by plaintiff were not of a serious and painful nature.
 

 It is probably superfluous to add that cases of this character, involving misconduct of counsel, are to be decided in the light of the peculiar facts and circumstances surrounding the particular case.
 

 For the reasons given, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart and Faught, JJ., concur.
 

 Tart, J., concurs in the syllabus.