Hart, J.
The.sole complaint of the defendant is that the trial court committed prejudicial error in permitting the plaintiff to give an estimate of his future hospital expenses, the period of necessary future hospitalization and the length of time he would be out of employment by reason of further hospitalization and medical treatment.
The inquiries made of the plaintiff call for a knowl *461 edge of matters of a highly technical and speculative nature, not ordinarily possessed by a layman, and involved the estimate of expense in a field about which the plaintiff, so far as the record shows, knew absolutely nothing. Only one who has expert knowledge of medicine or hospitalization could possibly testify within the range of probability on the subjects under consideration.
The rule as to necessary qualifications of an expert witness is well stated in 20 American Jurisprudence, 659, Section 786, as follows:
“When a witness is offered as an expert upon a matter in issue, his competency, with respect to special skill or experience, is to be determined by the court as a question preliminary to the admission of his testimony. There should be a finding by the court, in the absence of an admission or a waiver by the adverse party, that the witness is qualified; and since there is no presumption that a witness is competent to give an opinion, it is incumbent upon the party offering the witness to show that the latter possesses the necessary learning, knowledge, skill, or practical experience to enable him to give opinion testimony.”
Counsel for plaintiff suggests that courts have in a wide range of subjects permitted lay witnesses to give testimony in the form of estimates, where the practical necessity of the case required the presentation of such evidence. In passing, no explanation is given in the instant case as to why the evidence was not introduced through one or all of the three physicians and surgeons called to testify for the plaintiff and who were familiar with the facts upon which such inquiries were based.
It is true that the courts of this state and elsewhere have accepted the testimony of lay witnesses who are parties to the actions, where they have some knowledge of the subject matter and concerning which they are qualified to express an opinion relevant to the is *462 sues. But the opinion must relate to a matter with which the witness is familiar. See Bishop v. East Ohio Gas Co., 143 Ohio St., 541, 56 N. E. (2d), 164 (involving the right of a property owner to give an opinion as to the value of his own property); State v. Auerbach, 108 Ohio St., 96, 140 N. E., 507 (involving the speed of a moving vehicle); 20 American Jurisprudence, 675, Section 802; and 32 Corpus Juris Secundum, 150, Section 492.
This court is of the opinion that the trial court committed prejudicial error in permitting the plaintiff to give opinion testimony as to the matters herein considered, and that the judgment for that reason is excessive and must be reversed and the cause remanded for a new trial, unless the plaintiff is willing to accept a remittitur in an amount which will cure the error in this regard. In the opinion of this court, a fair estimate of the excess in the amount of the verdict by reason of the introduction of incompetent evidence is $12,000. If a remittitur in this amount is accepted by the plaintiff, the judgment of the Court of Appeals will' be affirmed as to the balance, to wit $48,000, otherwise the judgment will be reversed and the cause remanded to the Common Pleas Court for further proceedings.

Judgment accordingly.

Middleton, Taft, Zimmerman, Stewart and Lamneck, JJ., concur.