OPINION
Appellant, David Schofield, appeals his conviction in the Portage County Municipal Court, Kent Division, for driving under the influence.
In the early morning hours of January 20, 1998, appellant was seen by Trooper Thomas A. Shevlin ("Trooper Shevlin"), who is a ten-year veteran of the Ohio State Highway Patrol, traveling east on Summit Road in Franklin Township, Portage County, Ohio. The roads were covered with snow in many spots. Trooper Shevlin observed appellant's vehicle accelerating through a forty-five m.p.h. zone and later used a "pace-clock" method of determining that appellant was driving at approximately sixty m.p.h. In performing the "pace-clock" method, Trooper Shevlin followed behind appellant's vehicle, checked the speed listed on his speedometer, and measured that speed against the radar unit. Both the radar unit and Trooper Shevlin's speedometer indicated a sixty m.p.h. rate of speed. Trooper Shevlin also observed appellant's automobile weave within his own lane of travel and, on two separate occasions, noticed him drive off the right edge line of the roadway by more than half the width of the vehicle.
Consequently, a traffic stop was conducted of appellant's vehicle. Importantly, prior to the traffic stop, appellant's friend, Jason Coe ("Jason"), witnessed appellant being followed by Trooper Shevlin at the intersection of Powder Mill and Summit Road. Jason then followed behind the police vehicle up until the time of the traffic stop.
Upon approaching the automobile, Trooper Shevlin noticed that appellant's speech was slurred and there was a strong odor of alcohol about him. Appellant was then placed in the police cruiser, at which time, he admitted to having one-and-one-half to two twenty-two ounce beers. Trooper Shevlin then instructed appellant to conduct field sobriety tests, which he failed. Consequently, appellant was placed under arrest for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), and was cited for lane straddling, in violation of R.C. 4511.33(A). There was no citation issued for speeding. Upon his arrest, Trooper Shevlin read appellant his Miranda rights and transported him to the patrol post for a Breathalyzer examination, which was refused.
On January 22, 1998, appellant entered a plea of not guilty to the charge of driving under the influence and requested a jury trial. In a motion filed on February 23, 1998, appellant requested the trial court to suppress all evidence on the basis that it resulted pursuant to an unlawful traffic stop. The motion to suppress was overruled on April 27, 1998. A jury trial later commenced, and resulted in a finding of guilt for the offense of driving under the influence, in violation of R.C. 4511.19(A)(1). Appellant was sentenced for his offense in a judgment entry dated May 21, 1998.
On June 8, 1998, appellant moved for a new trial pursuant to Crim.R. 33, on the basis that the trial court precluded the testimony of Jason, who would have testified concerning the speed at which his vehicle was traveling, and Matthew Houser ("Matthew"), who would have testified that appellant was not under the influence of alcohol on the night he was arrested. Appellant further sought a new trial on the ground that a videotape from the police cruiser had not been presented at the suppression hearing, and had not been made known to him until the first day of trial, which was four months after his arrest. Appellant's motion for a new trial was overruled in a judgment entry filed on August 25, 1998.
The court also held that the proposed testimony of Jason and Matthew was properly excluded because it would have been potentially misleading and irrelevant. Regarding the proposed testimony concerning appellant's state of intoxication, the trial court stated that the testimony would mislead the jury and was irrelevant because the witness made his observations "at a time earlier in the evening."
On September 24, 1998, appellant appealed the trial court's decision to overrule his motion for a new trial, and now asserts the following as error:
 "[1.] The trial court erred, to the prejudice of [appellant], in refusing to allow lay opinion testimony both on speed and intoxication.
 "[2.] The trial court erred, to the prejudice of [appellant], by twice overruling defendant's motion to suppress."
In the first assignment of error, appellant contends that the proposed testimony of Jason and Matthew constituted lay opinions and should have been permitted pursuant to Evid.R. 701. Thus, it is argued that the trial court committed an abuse of discretion in sustaining objections to questions which were allegedly aimed at eliciting such information from Jason and Matthew.
Evid.R. 701 governs opinion testimony by lay witnesses and states:
 "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
It is a generally accepted principle that a lay witness may testify to the speed of an automobile or the sobriety of an individual, when the lay witness has made personal observations of the speed or sobriety. State v. Auerbach (1923), 108 Ohio St. 96, paragraph one of the syllabus.
However, "`[w]hen a court sustains objections to a question, a statement must be made or proffered as to what the expected answer would be in order that a reviewing court can determine whether or not the action of the trial court is prejudicial; and in the absence of a proffer, the exclusion of evidence may not be assigned as error. * * *'" State v. Rivers (1977), 50 Ohio App.2d 129,131-132. In Pool v. Wade (1996), 115 Ohio App.3d 449, 455, the Sixth District Court of Appeals held, "[i]n the absence of a proffer, the exclusion of evidence may not be assigned as error, * * * unless the substance of the excluded evidence is apparent from the context within which questions were asked." (Citations omitted.)
In the instant matter, the record shows that the trial judge sustained appellee's objection to questions posed to Jason and Matthew, which appellant now claims would have elicited testimony that his vehicle was not speeding and that he was not intoxicated. With respect to the denial by the trial court for Matthew to opinionate on the issue of appellant's state of intoxication, the excerpted portions of the transcript supplied to this court fail to demonstrate the claimed error, since it is apparent that the trial court sustained the objection to the admission of such an opinion on the basis that Matthew's observations were irrelevant because they occurred earlier in the evening in question. There is no showing in the record before us that Matthew observed appellant at appellant's sister's residence shortly before the incident in question. Thus, appellant failed to demonstrate error on the part of the trial court regarding this specific ruling.
Also, it is clear that Jason provided a predicate foundation upon which to have expressed an opinion as to the rate of speed at the time appellant passed him, and shortly thereafter. In considering the rule of law articulated in Wade, it is this court's view that a proffer was not necessary to present the claimed error by virtue of the preceding questions and responses contained in the transcript. Additionally, although the trial court erred in precluding the testimony of Jason concerning the speed at which appellant drove his vehicle, such error is harmless since that testimony would go more to the basis for the stop rather than the guilt or innocence of appellant. As discussed in the second assignment of error, Trooper Shevlin's traffic stop of appellant's automobile also was supported by probable cause independent of any speeding infraction, since his automobile was seen weaving and crossing over the right edge line of the roadway, in violation of R.C. 4511.33. Therefore, appellant's first assignment of error is not well-founded.
In his second assignment of error, appellant avers that Trooper Shevlin did not possess a reasonable, articulable suspicion of criminal activity to justify the traffic stop. Accordingly, appellant claims that the traffic stop was illegal and his conviction must be reversed.
The law concerning when a traffic stop is constitutionally permissible is abundantly clear. A police officer may conduct a traffic stop, where he or she "has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation * * * regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12. Moreover, it is indisputable that a police officer may conduct a traffic stop of a vehicle observed speeding.State v. Robinette (1997), 80 Ohio St.3d 234, 239. Also, a police officer possesses probable cause to stop a motorist for purposes of issuing a citation when the motorist commits a minor traffic violation in the officer's presence (including unlawful speeding).Erickson, 76 Ohio St.3d at 11-12. Finally, although the appellate courts of this state are in general agreement that not every edge line crossing by a motorist permits police to conduct a traffic stop, instances of erratic or substantial roadway line crossing will vest a police officer with probable cause to perform such a stop. See State v. Stamper (1995), 102 Ohio App.3d 431, 438-439;State v. Gullett (1992), 78 Ohio App.3d 138, 145.
In the case sub judice, the factual record indicates that Trooper Shevlin was a ten-year veteran of the Ohio State Highway Patrol, and visually observed appellant speeding on a stretch of road with a forty-five m.p.h. speed limit. After making the observation, Trooper Shevlin began following appellant's vehicle and performed a "pace-clock" test to determine the speed at which appellant was traveling. As part of the pace-clock test, Trooper Shevlin saw that both his speedometer and the radar gun indicated a rate of speed at or approximately sixty m.p.h. Furthermore, while Trooper Shevlin followed appellant's automobile, he witnessed him travel over the right edge line of the roadway by more than half the width of the vehicle on two separate occasions. Only after his initial visual observation of appellant's rate of speed, obtaining the results of the pace-clock test, and witnessing him travel off the right side of the roadway, did Trooper Shevlin effectuate a traffic stop.
Based upon the facts of this case, we conclude that Trooper Shevlin had probable cause to stop appellant for speeding. Trooper Shevlin also had probable cause to stop appellant for driving outside the designated lanes of travel, in violation of R.C. 4511.33, since, on the facts of this case, the crossing of the right edge line by more than half the width of his automobile on two separate occasions constitutes erratic driving. Thus, appellant's second assignment of error is meritless.
For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Portage County Municipal Court, Kent Division, is affirmed.
CHRISTLEY, J., concurs,