[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Edwin Caraballo, has appealed from a conviction by the Lorain County Court of Common Pleas for rape. We affirm.
On April 14, 1998, Defendant was indicted on one count of kidnapping, in violation of R.C. 2905.01(A)(2), with a specification for sexual motivation, and rape, in violation of R.C. 2907.02(A)(2). Defendant pled not guilty to the charges. Following a jury trial Defendant was found not guilty on the charge of kidnapping, but guilty on the charge of rape. Defendant was sentenced to four years incarceration. The trial court also found Defendant to be a sexually oriented offender. Defendant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Defendant] when it denied [Defendant's] motion for a mistrial.
Defendant has alleged that the trial court erred by failing to grant a mistrial after the State asked the victim if Defendant had told her he would plead guilty to the indictment prior to trial. We disagree.
In evaluating whether a mistrial should have been declared, the Supreme Court of Ohio has held that:
 [a]lthough misconduct of counsel in argument to the jury is ever to be condemned, it does not always constitute grounds for ordering a mistrial or reversing a judgment. If the trial court promptly intervenes by admonition to counsel and appropriate instruction and it appears that a verdict for the party represented by such offending counsel is clearly justified by the evidence, the verdict may be allowed to stand.
 Such matters often rest in the sound discretion of the trial court and where it is apparent from the particular facts and circumstances of the particular case that such discretion has not been abused a reviewing court will not ordinarily interfere.
State v. Maurer (1984), 15 Ohio St.3d 239, 269, quoting Golambv. Layton (1950), 154 Ohio St. 305, paragraphs three and four of the syllabus.
The prosecution, through its question, sought to elicit testimony from the victim pursuant to Evid.R. 801(D)(2)(a) that Defendant had told her he would plead guilty to the charges pending against him. Defendant has argued that the prosecution's inquiry into his conversations with the victim was highly prejudicial to him. He has also argued that even though the trial court sustained Defendant's objection, thereby precluding the victim from divulging the contents of the conversation, and gave an instruction to the jury to disregard the question, the mere articulation of the question placed in the jurors' minds the presumption of his guilt.
We are constrained to keep in mind that "[i]f every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since, in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away[.]" Dunlop v.United States (1897), 165 U.S. 487, 498, 41 L.Ed. 799, 803. Thus, reversal is not the remedy for every trivial mistake in the presentation of the state's case. Id.
In this case, any potential errors were corrected by the trial court's instruction to the jury to disregard the question and any inferences that may be contained within the question. The prosecutor's question did not render the trial fundamentally unfair, and upon review of the evidence presented in this case, the verdict was supported by substantial evidence of Defendant's guilt. Therefore the trial court did not err by denying the motion for a mistrial. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II [Defendant] was denied effective assistance of counsel when trial counsel failed to object to hearsay statements.
Defendant has argued that he was denied effective assistance of counsel because his attorney chose not to object to the hearsay statements of the victim as related by Pablo Pigio, a guidance counselor at Southview High School.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient."Id. To meet this standard Defendant must be able to prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "[so] as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Supreme Court of Ohio set out a substantially similar standard in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
There are numerous ways for counsel to provide effective assistance in any given case. This Court gives great deference to counsel's actions and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, supra at 689,80 L.Ed.2d at 694. In light of these facts, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879, 66 L.Ed.2d 102.
The objections that Defendant feels should have been made clearly fall within the purview of counsel's strategic decision making discretion. While Defendant is correct that the objectionable statements do meet the definition of hearsay as set forward in Evid.R. 801 and 802, these statements were admissible pursuant to the excited utterance exception to the hearsay rule as contained in Evid.R. 803(2). The comments were made to Mr. Pigio within forty-five minutes of the rape and were made almost immediately after the victim was returned to school following the incident. Mr. Pigio related that the victim was visibly upset and was crying. Therefore, in light of the statements' proximity in time to the actual occurrence and the evidence that the victim was still suffering from the effects of the stress of the event, the statements were admissible pursuant to the hearsay exception and any objection would have had no impact on the outcome of the trial. Since Defendant has failed to point this court to any prejudice arising from the action or inaction of his counsel, his second assignment of error must fail. See State v. Bradley, 42 Ohio St.3d at paragraph two of the syllabus.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., WHITMORE, J. CONCUR