DECISION AND JOURNAL ENTRY
Defendant, Julian Canty, has appealed from his conviction by the Lorain County Court of Common Pleas for trafficking in cocaine with a firearm specification, and possession of criminal tools. We affirm.
On October 17, 1996, Defendant was indicted on one count possession of criminal tools, in violation of R.C. 2923.24(A); and one count of trafficking in cocaine, in violation of R.C.2925.03(A), with two firearm specifications. On March 5, 1999, following a jury trial, Defendant was found guilty of possessing criminal tools, guilty of trafficking in cocaine, guilty of specification one and not guilty of specification two. Defendant was sentenced to a total of three years incarceration at Lorain Correctional Institution. Defendant timely appealed and has raised three assignments of error for review. They have been rearranged for ease of discussion.
ASSIGNMENT OF ERROR II
 The trial court committed reversible error by allowing an out of court identification of Defendant by a witness who did not testify at trial.
 In his second assignment of error, Defendant has alleged that the trial court erred by admitting the statements of a police detective identifying Defendant as the individual who sold the drugs on the day in question to a confidential informant. The detective's statements were based upon information relayed to him by the confidential informant and were not the result of his personal observation of the drug transaction. The informant did not testify at trial. Defendant alleges that the trial court erred by permitting the detective to repeat the identifying statements as they constituted impermissible hearsay evidence. We disagree.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant to suffer material prejudice. State v. Davis (Aug. 21, 1991), Medina App. No. 1952, unreported, at 3, citing State v. Hymore (1967),9 Ohio St.2d 122, 128. As a general rule, out of court statements offered to prove the truth of the matter asserted are hearsay and are not admissible. Evid.R. 801(C) and 802. However, statements offered to explain a police officer's conduct while investigating a crime are not hearsay. State v. Price (1992), 80 Ohio App.3d 108,110. As such, these statements are not offered for their truth, but as an explanation of the process of investigation. SeeState v. Braxton (1995), 102 Ohio App.3d 28, 49.
As stated at the side bar between the trial court and counsel and as further explained by the trial court to the jury, the statements made by Detective Nimon regarding identification of Defendant as the individual who sold the drugs were made only in order to explain the subsequent actions of the police. The statements were not offered for the truth of the matter asserted but rather as an explanation of the manner in which the raid of the crack house unfolded.
As the information testified to by the detective was not impermissible hearsay the trial court did not abuse its discretion by permitting such statements to be offered. Defendant's second assignment of error is without merit.
ASSIGNMENT OF ERROR I
 The prosecution committed reversible error by misleading the court regarding the out of court identification of Defendant and emphasizing the improper identification during closing argument.
 In his first assignment of error, Defendant has argued that his conviction should be reversed and a new trial ordered due to the misconduct of the State during the course of the trial. We disagree.
When reviewing allegations of prosecutorial misconduct, appellate courts must consider that "`the touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v. Hill (1996), 75 Ohio St.3d 195, 203, quoting Smith v. Phillips (1982), 455 U.S. 209, 219,71 L.Ed.2d 78, 87. The Ohio Supreme Court has declared that prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239,266. In order to reverse a conviction based on prosecutorial misconduct, the defendant must prove that the comments were improper and that they prejudicially affected the defendant's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13, 14.
Defendant has first alleged that the State committed prosecutorial misconduct by misleading the trial court and defense counsel at the side bar regarding the content of testimony described above in Assignment of Error I. Specifically, Defendant has argued that the State indicated to the parties that the information was being given as an explanation of police procedures but instead utilized the testimony as a means of identifying Defendant through improper hearsay. As discussed above, the detective's testimony was permissible as a means of explaining the actions of the police department. The fact that this information contained a description of Defendant as the purveyor of drugs does not place this information into the realm of impermissible hearsay as the complete description given assisted the police in carrying out the drug raid in a safe and efficient manner. Therefore, the State did not commit prosecutorial misconduct by eliciting such information.
Defendant has also argued that the information was improperly utilized by the prosecution in closing arguments. The Supreme Court of Ohio has noted that "`[c]onsiderable latitude is permitted in closing arguments, and the question is generally considered one falling in the first instance within the sound discretion of the trial court.'" (Alteration in original.) Statev. Maurer, 15 Ohio St.3d at 269, quoting State v. Pustare (1973),33 Ohio App.2d 305, 312. "[W]here it is apparent from the particular facts and circumstances of the particular case that such discretion has not been abused a reviewing court will not ordinarily interfere." Golamb v. Layton (1950), 154 Ohio St. 305, paragraph four of the syllabus. The Supreme Court of Ohio has further held:
 Although misconduct of counsel in argument to the jury is ever to be condemned, it does not always constitute grounds for ordering a mistrial or reversing a judgment. If the trial court promptly intervenes by admonition to counsel and appropriate instruction and it appears that a verdict for the party represented by such offending counsel is clearly justified by the evidence, the verdict may be allowed to stand.
Id. at paragraph three of the syllabus.
As discussed above, the information was properly elicited on direct exam of the detective. Additionally, the jury was repeatedly instructed that the closing arguments and any statements of counsel were not to be considered as evidence Therefore, the information was properly in evidence to be used as instructed by the court.
Assuming arguendo that the information was used in an improper manner by the State, reversal is not necessary as the evidence produced at the trial would have been sufficient to convict Defendant of the charges raised even excluding the prosecution's statements. When Defendant was arrested following the raid, the money that had been used as part of the controlled buy was found upon his person. The money had previously been sprayed with Gotcha Spray.[1] Upon a search of all the other individuals inside of the house, Defendant was the only one who had any of the residue on him in any way. The residue was also detected upon the firearm found with Defendant. Additionally, the individual who owned the house testified against Defendant and stated that Defendant had sold drugs from the house and carried a gun when transacting drug deals. Based upon the information presented at trial, the evidence would support his convictions for aggravated trafficking in cocaine with a firearm specification and possession of criminal tools. Therefore reversal is unnecessary. Since it has not been shown that the actions of the State deprived Defendant of a fair trial, Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR III
 The prosecution committed reversible error by shifting the burden of proof from the State to [Defendant] during closing argument.
 In his third assignment of error, Defendant has argued that the state committed prosecutorial misconduct in shifting the burden of proof from the State to Defendant in his closing arguments. Specifically, Defendant contends that misconduct arose from the State's actions when it commented in closing arguments that "the State's case is absolutely uncontradicted; there has been no evidence offered to refute it." We disagree.
The Ohio Supreme Court has noted that reflections by the prosecution in closing arguments regarding the fact that the evidence is uncontradicted are not a comment on the accused's failure to testify so long as the jury is properly instructed regarding the required proof. State v. Williams (1986), 23 Ohio St.3d 16,19-20. In fact, "[t]he prosecution is not prevented from commenting upon the failure of the defense to offer evidence in support of its case." Id. at 20, citing Lockett v. Ohio
(1978), 438 U.S. 586, 595, 57 L.Ed.2d 973, 983.
In this case, the prosecutor's comments fit squarely within the realm of permitted statements as delineated by the Ohio Supreme Court in State v. Williams. The comments made no reference to the fact that Defendant did not testify on his own behalf. Additionally, the jury was properly instructed by the court on several occasions as to the burden of proof. Therefore, Defendant's third assignment of error is without merit.
Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P.J., CONCUR. CARR, J., CONCURS IN JUDGMENT ONLY.
[1] Gotcha Spray is a chemical that can be sprayed onto a surface to be used as a device to detect those who have come into contact with the object. The chemical goes on wet but once dry cannot be seen by the naked eye. Additionally, the residue cannot be felt upon the object. Anyone who comes in contact with the sprayed object will pick up the residue on their hands. The residue can then be seen using an ultraviolet light.