DECISION AND JOURNAL ENTRY
Defendant, Hasaan Sweeney, has appealed from the order of the Elyria Municipal Court finding him guilty of assault. We affirm.
Defendant was arrested on June 16, 1999, for assaulting Ms. Jamayca Mize. Defendant was arraigned and pled not guilty to the charge on the same date. Following a jury trial on January 13, 2000, Defendant was found guilty of the offense charged. Defendant was sentenced to twenty days imprisonment at the Elyria City Jail, thirty days house arrest, and a fine of two hundred and fifty dollars. Defendant was granted a delayed appeal by this court and has raised four assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law when it denied [Defendant] assistance of counsel in violation of his Sixth Amendment rights.
In his first assignment of error, Defendant has alleged that he was denied his right to counsel as set forth in the Sixth Amendment when the trial court denied his motion for a continuance in order to obtain counsel. We disagree.
There is broad discretion granted to a trial court with regard to the decision to grant or deny a continuance. State v. Unger (1981),67 Ohio St.2d 65, syllabus. Therefore, we review the trial court's decision in denying Defendant's request for a continuance to obtain counsel under an abuse of discretion standard.
It has long been recognized that individuals have a fundamental right to assistance of counsel. The Sixth and the Fourteenth Amendments to the United States Constitution. "The basic right to counsel, however, must be considered along with the need for efficient and effective administration of criminal justice." State v. Hook (1986),33 Ohio App.3d 101, 103, citing United States v. Weninger (C.A. 10, 1980), 624 F.2d 163, 166, and United States v. McMann (C.A. 2, 1967),386 F.2d 611. A defendant is not permitted to take advantage of a trial court "by claiming his right to counsel in order to frustrate or delay the judicial process." Hook, supra, citing State v. Wellman (1974),37 Ohio St.2d 162 . "Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." Hook, supra, citingUnited States v. Terry (C.A. 5, 1971), 449 F.2d 727. In order to determine whether a waiver of counsel may be inferred from Defendant's actions, "the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." Hook, supra, citing Johnson v. Zerbst (1938),304 U.S. 458, 464, 82 L.Ed.2d 1461, 1466, and Ungar v. Sarafite (1964),376 U.S. 575, 590, 11 L.Ed.2d 921, 931.
In order to determine whether the trial court abused its discretion in deeming Defendant's actions to be a waiver of counsel, this Court must review the circumstances surrounding the waiver of counsel, and therefore must look to the transcript of proceedings to see what transpired before the trial court. Defendant submitted a transcript of the proceedings before the trial court produced by an unofficial court reporter. Loc.R. 5(A)(2)(a) of the Ninth Appellate Judicial District provides in part:
 (a)No Official Court Reporter. In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
Defendant did not provide this court with a statement of the trial court as is required by either App.R. 9(C) or App.R. 9(D). This Court issued a show cause order to Defendant and requested that he comply with the Ohio Rules of Appellate Procedure and this Court's Local Rules. However, Defendant failed to comply with the show cause order and did not submit the required documentation. Consequently, this court cannot consider the transcript filed by Defendant, and our review is limited to the exhibits contained in the record and the trial court's opinion.
Defendant has the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters, which are necessary to support his assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
In this case, the record indicates that Defendant was granted four separate continuances to prepare for trial. Pretrial in the case was set for June 24, 1999, but was continued at the request of Defendant until August 18, 1999. The matter was then set for a bench trial but was continued at Defendant's request until October 21, 1999. The bench trial was continued a second time at Defendant's request until December 9, 1999. Finally, on December 9, 1999, Defendant's counsel moved the trial court for permission to withdraw as counsel due to Defendant's failure to cooperate. The trial court granted defense counsel's motion to withdraw as counsel. The trial court continued the trial until January 13, 2000 to permit Defendant the opportunity to obtain counsel. The trial was held on January 13, 2000, and Defendant went forward without counsel.
This Court must presume that the trial court complied with all legal requirements prior to proceeding with the trial. Defendant has not provided this Court with any evidence to show to the contrary. Therefore, the trial court did not abuse its discretion in denying Defendant a continuance in order to obtain counsel.
Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The trial court erred to the prejudice of [Defendant] when it denied [Defendant's] motion for a new trial. Under Crim.R. 33(A), a defendant may move for a new trial if one of six grounds is present. One of these grounds is "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6).
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, syllabus. "If any one of the requirements is not met, the motion must be denied." Hudson v. Patel
(Dec. 24, 1997), Summit App. No. 18434, unreported, at 7.
A trial court's ruling on a motion for a new trial will not be disturbed absent an abuse of discretion. State v. Haddix (1994),93 Ohio App.3d 470, 480. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In his second assignment of error Defendant has argued that the fact that the trial proceeded without the assistance of counsel constitutes newly discovered evidence. This Court disagrees. Defendant was informed by the trial court that the trial would go forward on January 13, 2000. Therefore, the fact that the trial court did proceed with trial on that date does not constitute newly discovered evidence. Defendant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR III The prosecutor's statements throughout the trial unfairly prejudiced [Defendant's] case.
In his third assignment of error, Defendant has alleged that he was denied a fair trial due to prosecutorial misconduct. Specifically, Defendant has argued that the prosecution engaged in misconduct in three ways: (1) by making improper remarks in opening and closing, (2) by calling into question how Defendant obtained his exhibits, and (3) by making defendant look bad before the jury. We disagree.
When reviewing allegations of prosecutorial misconduct, appellate courts must consider that "`the touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v. Hill (1996),75 Ohio St.3d 195, 203, quoting Smith v. Phillips (1982), 455 U.S. 209,219, 71 L.Ed.2d 78, 87. The Ohio Supreme Court has declared that prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239,266. In order to reverse a conviction based on prosecutorial misconduct, the defendant must prove that the comments were improper and that they prejudicially affected the defendant's substantial rights.State v. Smith (1984), 14 Ohio St.3d 13, 14. The Ohio Supreme Court has noted that "`[c]onsiderable latitude is permitted in closing arguments, and the question is generally considered one falling in the first instance within the sound discretion of the trial court.'" (Alteration in original.) Maurer, 15 Ohio St.3d at 269, quoting State v. Pustare
(1973), 33 Ohio App.2d 305, 312. "[W]here it is apparent from the peculiar facts and circumstances of the particular case that such discretion has not been abused a reviewing court will not ordinarily interfere." Golamb v. Layton (1950), 154 Ohio St. 305, paragraph four of the syllabus.
As noted above, the appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error. Volodkevich, supra, at 314. Therefore, since the portions of the transcript necessary to review the actions of the prosecution are not properly before this Court for review, this Court must presume regularity in the proceedings below and affirm the decision of the trial court.Knapp, supra, at 199. Therefore, Defendant is not entitled to have his conviction reversed. Defendant's third assignment of error is without merit.
 ASSIGNMENT OF ERROR IV
The evidence did not support a conviction for assault.
In his fourth assignment of error Defendant has argued that his conviction was against the manifest weight of the evidence. We disagree.
When making the determination whether something is against the manifest weight of the evidence, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. This is not such a case.
Pursuant to App.R. 9(B), if Defendant desires to assert that a finding or conclusion is against the manifest weight of the evidence, he must include in the record "`a transcript of all evidence relevant to the findings or conclusion.'" Snader v. Job Master Services (Jan. 5, 2000) Wayne App. Nos. 99CA0002 99CA0003, unreported, at 4, quoting App.R. 9(B). As noted above, the appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error. Volodkevich, supra, at 314. In light of the fact that the relevant portions of the transcript necessary to review the evidence as presented at trial are not properly before this Court, we must presume regularity in the proceedings below and affirm the decision of the trial court. Knapp, supra, at 199. Therefore, Defendant is not entitled to have his conviction reversed. Defendant's fourth assignment of error is without merit.
Defendant's four assignments of error are hereby overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CARR, J., CONCUR.