OPINION *Page 2 
{¶ 1} Appellant-respondent, Hazel Binkley ("Hazel"), appeals the July 13, 2006 judgment of the Probate Court of Auglaize County, Ohio appointing appellee-complaintant, Karen Hollman ("Karen"), as limited Guardian for an indefinite period of time to Hazel's estate.
 {¶ 2} On November 19, 2004, Karen filed an Application for Appointment of Guardian of an alleged incompetent and a statement of expert evaluation completed by Dr. Cheryl Mann. On December 13, 2004, the Court Investigator for the Probate Court of Auglaize County filed an investigators report recommending the establishment of guardianship. On December 17, 2004, a Judgment Entry was issued by the Probate Court appointing Karen as the Guardian of the Estate and Person of Hazel and finding Hazel incompetent by reason of Alzheimer's. On December 20, 2004, the Letters of Guardianship were issued by the Auglaize County Probate Court. On January 12, 2005, amended letters of authority were issued by the Auglaize County Probate Court.
 {¶ 3} On December 13, 2005, an Application to set a hearing on the continued necessity of the Guardianship was filed by Hazel. On February 14, 2006, the Court ordered an update of the court investigators report. On March 16, 2006, the court investigator filed an updated report and strongly recommended that Hazel be evaluated by a doctor not chosen by any of the interested parties and that *Page 3 
the doctor needed to be specialized in dementia. On March 27, 2006, the probate court investigator recommended that Richard Nockowitz, MD, who is a neuron-psychiatrist who specializes in dementia be appointed by the court as an independent expert. On that same day, the Probate Court through a Journal Entry ordered Hazel to be evaluated by Richard Nockowitz, MD. On April 26, 2006, the statement of expert evaluation completed by Richard Nockowitz, MD, was filed. The report recommended the termination of the Guardianship.
 {¶ 4} On July 12, 2006, a hearing was conducted in the Probate Court. On July 13, 2006, the Probate Court issued a Judgment Entry granting in part and denying in part Hazel's application. Specifically, it was ordered that Karen was no longer the Guardian of Hazel's person; however, she was a limited Guardian of Hazel's estate.
 {¶ 5} On August 1, 2006, Hazel filed her notice of appeal raising the following assignments of error:
 First Assignment of Error THE PROBATE COURT ERRED AS ITS DECISION IS CONTRARY TO THE MANIFEST WEIGHT OF EVIDENCE PRESENTED.
 Second Assignment of Error THE PROBATE COURT ERRED IN ALLOWING DR. MANN TO TESTIFY AS TO THE COMPETENCY OF APPELLANT.
 Third Assignment of Error *Page 4 THE PROBATE COURT ERRED IN RELYING MOST HEAVILY ON THE TESTIMONY OF APPELLEE.
 Fourth Assignment of Error THE PROBATE COURT ERRED IN NOT RELYING ON THE TESTIMONY OF ITS OWN EXPERT, DR. NOCKOWITZ AND IN NOT CONSIDERING ITS COURT INVESTIGATORS REPORT.
 {¶ 6} Hazel argues in her first, third, and fourth assignments of error, which we shall address together, that the trial court erred in its decision. Specifically, Hazel asserts in her first assignment of error that the probate court erred in its decision because the decision was contrary to the manifest weight of the evidence. She claims that Karen presented no credible evidence establishing that she is incompetent and attempts to discredit the testimony of Dr. Thomas Hustak and Dr. Cheryl Mann. In her third assignment of error, she contends that the probate court erred in relying most heavily on the testimony of Karen because Karen's testimony is limited to observations of behaviors common in older individuals and her credibility should be questioned. Hazel alleges in her fourth assignment of error that the probate court erred in not relying on the testimony of its own expert, Dr. Nockowitz and in not considering its court investigators report. She argues that since Dr. Nockowitz was appointed to conduct an evaluation of her, he became the probate court's expert witness and his opinion was to be accepted by the probate court. *Page 5 
 {¶ 7} A trial court is required to hold a hearing before it appoints a guardian of the person or an estate, and it must make the appointment if clear and convincing evidence supports the necessity of the appointment. R.C. 2111.02(A); (C)(1), (3). If the probate court finds it to be in the best interest of an incompetent or minor, it may appoint a limited guardian with specific limited powers on an application by an interested party. R.C. 2111.02(B).
 {¶ 8} The Supreme Court of Ohio has held:
 Clear and convincing is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, citingMerrick v. Ditzler (1915), 91 Ohio St. 256, 110 N.E. 493. In addition, when "the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Cross, supra (citations omitted). Thus, we are required to determine whether the evidence was sufficient for the trial court to make its findings by a clear and convincing degree of proof.
 {¶ 9} In determining whether a trial court's decision to appoint a guardian is against the manifest weight of the evidence, a court of appeals must be guided *Page 6 
by the presumption that the findings of the trier of fact were correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273. The rationale of giving deference to findings of the trial court rests with the knowledge that the trial judge is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id. Therefore, a judgment supported by competent, credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279,379 N.E.2d 578.
 {¶ 10} Upon review of the record, there is clear and convincing evidence to support the trial court's determination. The probate court made the following findings in its July 13, 2006 Journal Entry regarding Orders on Guardianship:
 1. The Ward is a 93 year old woman.
 2. The Ward has become suspicious and accusatory of family members.
 3. The Ward has been seen by five (5) physicians and all but one (1) has found that she is competent and not in need of a guardianship.
 4. The family doctor of the Ward, Cheryl Mann, has diagnosed Mrs. Binkley with Alzheimer's and has suggested a guardianship as long as two to three years ago. Dr. Mann has not seen Mrs. Binkley since April, 2005 but has stated that her opinion would not change as the disease would not get better.
 5. The Court has considered the statements of expert evaluation of Dr. Murden, Dr. Kauffman, and Dr. Cassady. None of those physicians were present and testified. *Page 7 
 The Court has appointed Dr. Nockowitz to perform an evaluation which was filed with the Court and is a part of the record, filed-stamped April 26, 2006. Dr. Nockowtiz testified that based upon his testing of the Ward he would find that she is competent.
 7. The Ward did not testify, as she was not present, with the stated reason that she is too "stressed" by these proceedings. The Ward did not testify as to her position or desires. The Court is somewhat concerned by the Ward's lack of participation and failure to advocate her position.
 8. The Guardian testified as to her daily contact with her mother over a period of years which has continued through the present time.
Furthermore, the probate court analyzed its decision in the conclusion of the July 13, 2006 Journal Entry, which stated:
 The Court has listened to the experts that have testified and the lay witnesses that have testified and in the final analysis, must rely most heavily on the testimony of the person who has daily contact with Mrs. Binkley over a period of years and has been able to determine the changes that have occurred. The Guardian in this case, Karen Homan, is the person who is in the best position to observe, interact with and note the ability of her mother to make informed choices. It appears from all of the testimony and evidence presented that Mrs. Binkley is, by clear and convincing evidence, a person who is incompetent in that she is mentally impaired as a result of a mild mental illness or disability such that she is not completely capable of taking proper care of her property. The Court's concern is for the Ward in this matter and that she is properly cared for. At the same time, the Court does not want to infringe upon her right to direct her own lifestyle. Section 2111.02 of the Revised Code gives the Court the ability to appoint a guardian with limited powers. Under the circumstances of this case, such an appointment is necessary. *Page 8 
 {¶ 11} The probate court established that it considered all of the testimony provided by both parties, including Karen and Dr. Nockowitz, and that by clear and convincing evidence it found that Hazel is a person who is not completely capable of taking proper care of her property. Based upon these facts, we find that the probate court was best able to view witnesses and observe their demeanor, gestures and voice inflections and use these observations in weighing the credibility of the proffered testimony. Therefore, we find that the probate court's judgment was supported by competent, credible evidence, going to all the essential elements of the case. Accordingly, Hazel's first, third and fourth assignments of error are overruled.
 {¶ 12} In Hazel's second assignment of error, she claims that the probate court erred in allowing Dr. Mann to testify as to her competency. She asserts that Dr. Mann was not qualified to testify as an expert on dementia.
 {¶ 13} We note on the outset that Hazel has mischaracterized Dr. Mann's opinion testimony as expert testimony. A review of the hearing transcript indicates that Karen made no attempt during the hearing to establish Dr. Mann's testimony as that of an expert, and the probate court made no acknowledgement of Dr. Mann as an expert witness. To the contrary, the probate court stated in its response to an evidential objection by Hazel that "this witness's testimony — your objection goes to the weight of the evidence rather than its admissibility. The *Page 9 
Court will give it the weight to which it is deserving." Thus, we find that Dr. Mann's testimony provides her opinion based on her long term treatment and interaction with Hazel.
 {¶ 14} Evid. R. 701 governs opinion testimony by lay witnesses:
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
A trial court has broad discretion to determine the admissibility of lay witness opinion testimony. State v. Auerbach (1923), 108 Ohio St. 96,98, 140 N.E. 507; State v. Cooper (1985), 3d Dist. No. 8-84-31. An appellate court reviews the trial court's decisions concerning lay witness testimony for an abuse of discretion. Id.; Urbana ex re. Newlinv. Downing (1989), 43 Ohio St.3d 109, 113, 539 N.E.2d 140; State v.Brumback (1996), 109 Ohio App.3d 65, 77, 671 N.E.2d 1064. An abuse of discretion connotes more than an error in law or judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The party challenging the testimony must demonstrate that, if the trial court did abuse its discretion, the abuse materially prejudiced the objecting party. Auerbach, supra.
 {¶ 15} In this case, Dr. Mann provided testimony about her doctor-patient relationship with Hazel including the number of visits Hazel had with Dr. Mann, *Page 10 
the dementia that she diagnosed her as having, and her suggestion to Karen to obtain guardianship of Hazel. In addition, Dr. Mann testified that despite the fact that she had not seen Hazel in a year, it was her opinion that she was incompetent and in need of a guardian based on her visits with her, her discussions with Karen, and her knowledge of the type of dementia that Hazel had. Over the course of Dr. Mann's testimony, Hazel objected on the admissibility of Dr. Mann's testimony based on the fact that she had not seen Hazel in over twelve months and that she admitted she was not an expert in the field of dementia, each time the probate court responded that the witness's testimony would be given "the weight to which it is deserving."
 {¶ 16} Upon review of the record, we cannot say that the trial court abused its discretion in considering the testimony of Dr. Mann by giving it the weight to which it was deserving as a lay person opinion. In addition, Hazel did not demonstrate that the abuse materially prejudiced her. Therefore, Hazel's second assignment of error is overruled.
 {¶ 17} Accordingly, Hazel's assignments of error are overruled and the July 13, 2006 judgment of the Probate Court of Auglaize County, Ohio appointing *Page 11 
Karen as limited Guardian for an indefinite period of time to Hazel's estate is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1