OPINION
{¶ 1} Appellant Amanda Chestnut appeals the decision of the Guernsey County Juvenile Court that granted Appellee Guernsey County Children Services Board's ("CSB") motion for permanent custody. The following facts give rise to this appeal.
 {¶ 2} On May 16, 2005, we dismissed a previous appeal in this matter finding the trial court lacked jurisdiction to grant CSB's complaint for permanent custody. Thereafter, on May 18, 2005, CSB filed a new complaint for permanent custody. Pursuant to CSB's complaint, the trial court conducted a hearing on August 16, 2005, and found the children to be dependent and neglected. By judgment entry dated September 13, 2005, the trial court granted permanent custody of the four minor children to CSB.
 {¶ 3} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. THE TRIAL COURT'S FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; THE GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANTS' (SIC) PARENTAL RIGHTS SHOULD BE TERMINATED.
 {¶ 5} "II. GUERNSEY COUNTY CHILDREN'S SERVICES BOARD DID NOT MAKE REASONABLE EFFORTS TO REUNITE THE FAMILY AND ACTED IN BAD FAITH."
 I {¶ 6} In her First Assignment of Error, appellant maintains the trial court's findings are against the manifest weight of the evidence because the CSB failed to show, by clear and convincing evidence, that her parental rights should be terminated. Specifically, appellant contends CSB did not establish that it was impossible to return the children to her within a reasonable time. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. In addition, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994),95 Ohio App.3d 309, 316.
 {¶ 8} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 9} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 11} "(b) The child is abandoned.
 {¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 14} In the case sub judice, the trial court found the children had been in the temporary custody of CSB for more than twelve out of the last twenty-two months, pursuant to R.C.2151.414(B)(1)(d). The children have been in temporary custody since July 2, 2002. Therefore, the trial court was not required to make a finding that the children could not be returned within a reasonable time, and proceeded directly to the best interests portion of the hearing. See In re Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, at ¶ 26. The record supports the trial court's finding under R.C. 2151.414(B)(1)(d) and therefore, the trial court's decision is not against the manifest weight of the evidence.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II {¶ 16} Appellant maintains, in her Second Assignment of Error, CSB did not make reasonable efforts to reunite the family and acted in bad faith. We disagree.
 {¶ 17} Children services agencies are statutorily required to develop case plans for children in their custody and the case plans should include objectives for each of the child's parents. R.C. 2151.412. Thus, when the agency files a complaint requesting permanent custody, a trial court must determine whether the agency made reasonable efforts to return the child to the parents before it authorizes the removal of the child. In re Wright,
Ross App. No. 01CA2627, 2002-Ohio-410, at 8. This requirement is applicable regardless of how long the child has been in the agency's temporary custody. Further, the agency has the burden of proving that it made reasonable efforts. R.C. 2151.419(A)(1). A "reasonable effort" is "* * * an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." In re Weaver (1992), 79 Ohio App.3d 59, 63.
 {¶ 18} When a trial court is considering whether the agency made reasonable efforts to prevent the removal, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute.In re Brewer (Feb. 12, 1996), Belmont App. No. 94-B-28, at 3. "In determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1).
 {¶ 19} However, an agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home where one of the factors set forth in R.C. 2151.419(A)(2) applies. In addition to the statutory reasons why reasonable efforts may be unnecessary, courts have also recognized an implied exception when case planning efforts would be futile. See In the Matter ofLilley, Lawrence App. No. 04CA22, 2004-Ohio-6156; In re Harmon
(Sept. 25, 2000), Scioto App. No. 00CA2693; In re Crosten (Mar. 21, 1996), Athens App. No. 95CA1692.
 {¶ 20} In the Lilley case, supra, the Fourth District Court of Appeals addressed the issue of futility and explained:
 {¶ 21} "`Trial courts should be cautious in finding that reasonable efforts would have been futile where an agency has chosen to ignore the natural parent.'" [Citations omitted.] When `an agency has chosen to ignore a natural parent, a finding of futility should be made only after careful consideration of how the agency's inaction contributes to the appearance of futility.'" [Citation omitted.] Lilley at ¶ 39.
 {¶ 22} In the case sub judice, the case plan adopted by the trial court on July 11, 2005, did not include any objectives for appellant. Thus, it is reasonable for appellant to argue that CSB made no effort to reunify her with her children. Further, the trial court did not make the finding that reasonable efforts at reunification would be futile. Instead, the trial court found as follows concerning CSB's reunification efforts:
 {¶ 23} "This Court finds that best efforts were made by Guernsey County Children Services Board for reunification of said children with their parents. Due to the faults, habits, and abilities of the mother, Amanda chestnut, (sic) and the father, Ronnie Chestnut, this Court finds it to be in the besting (sic) interest of the children that Permanent custody of Brittany, Bailey, Brandon, and Ronnie Blade Chestnut be and hereby is granted to the Guernsey County Children Services Board, that all parental rights of the mother, Amanda Chestnut, and the father, Ronnie Chestnut, are terminated." Journal Entry, September 10, 2004, at Conclusion of Law No. 4.
 {¶ 24} Since CSB did not include any objectives for appellant in the case sub judice, it appears the trial court based its conclusion that CSB made efforts toward reunification upon the case plan filed in the previous case that we dismissed on May 16, 2005. It is improper for a trial court to take judicial notice of appellant's failure to complete her previous case plan. This Court has held that "[a]lthough prior actions involving prior case plans may have been relevant, they were not admissible under Evid.R. 608(B)." In Re: Mingle (Nov. 22, 1999), Stark App. No. 1999CA00075, at 2.
 {¶ 25} However, we find the trial court's reliance on appellant's failure to successfully complete the previous case plan to be harmless error because the record in this matter supports the conclusion that reasonable case planning efforts would have been futile. The children have been out of the custody of their parents since July 2, 2002. Appellant suffers from chronic substance abuse and mental illness. Further, at the time of this appeal, appellant was incarcerated, in Washington County, for failing to appear at trial for a DUI charge. Due to her incarceration, appellant has not had any visits with her children and only limited phone contact. Based upon this evidence, we find reunification efforts would have been futile. Appellant has had approximately three and one-half years to correct the problems that initially resulted in her children being placed in the temporary custody of CSB and has failed to do so.
 {¶ 26} Furthermore, courts have recognized that:
 {¶ 27} "* * * [A] child should not have to endure the inevitable to its great detriment and harm in order to give the * * * [p]arent an opportunity to prove her suitability. To anticipate the future, however, is at most, a difficult basis for a judicial determination. The child's present condition and environment is the subject for decision not the expected or anticipated behavior of unsuitability or unfitness of the * * * [parent]. * * * The law does not require the court to experiment with the child's welfare to see if he will suffer great detriment or harm." Lilley, supra, at ¶ 34, quoting In re East (1972),32 Ohio Misc. 65, 69.
 {¶ 28} Accordingly, CSB's failure to make reasonable efforts at reunification was harmless error because any attempt at reunification would have been futile.
 {¶ 29} Appellant's Second Assignment of Error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
Wise, P.J., Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.