DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Daniel Freitag, appeals from his convictions in the Wayne County Municipal Court. This Court reverses.
 I {¶ 2} On October 18, 2007, Freitag, his wife, Jane Freitag, and another passenger were returning to Freitag's business located on U.S. Route 42 in the Village of West Salem ("the Village") after having had dinner together in Wooster. Officer Ken Roth was parked just inside the Village limits on the side of U.S. Route 42 in a marked police car and observed Freitag approach in what appeared to be excess of the 35 miles per hour speed limit posted in that area. After activating his radar unit, the Decatur Electronics Genesis Radar ("the Genesis Radar"), Officer Roth recorded Freitag traveling at 42-43 miles per hour, with his speed ultimately leveling out at 46 miles per hour. Officer Roth then followed Freitag out of the Village limits, ultimately stopping him when he turned into the driveway of his business on U.S. Route 42. *Page 2 
Officer Roth informed Freitag that he was being stopped for speeding and going left of center while in the Village, however, Officer Roth only cited Freitag for the speeding offense.
 {¶ 3} Freitag pleaded not guilty to the violation of § 333.03 of the Codified Ordinances of the Village of West Salem. The matter proceeded to bench trial on November 16, 2007, and the court found Freitag guilty. It imposed a $22.00 fine and assessed two points to Freitag's driver's license.
 {¶ 4} Freitag timely appealed his conviction to this Court, at which point we determined that the trial court's order was not a final appealable order because it failed to set forth his plea. Upon remedying that deficiency, the trial court failed to properly journalize the corrected order. After the trial court properly journalized the corrected order, this matter is now before us on appeal. Freitag asserts six assignments of error. We have rearranged and combined several of the assignments of error for ease of analysis.
 II Assignment of Error Number Five "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING FREITAG GUILTY OF SPEEDING WITHIN THE VILLAGE OF WEST SALEM BECAUSE THE TRAFFIC STOP WAS UNCONSTITUTIONAL."
 {¶ 5} In his fifth assignment of error, Freitag asserts that, because Officer Roth followed him out of the Village and did not activate his lights until Freitag was nearly three-fourths of a mile out of the Village limits, Officer Roth was not in pursuit of him under R.C. 2935.03. Freitag further avers that, given the totality of the circumstances and the absence of any evidence that Freitag was speeding while in the Village, Officer Roth's extra-territorial stop was unconstitutional under State v. Weideman (2002), 94 Ohio St.3d 501. *Page 3 
 {¶ 6} R.C. 2935.03(D) provides that, "outside the limits of [their] territory," an officer may:
 "[P]ursue, arrest, and detain [a] person until a warrant can be obtained if all of the following apply:
 "(1) The pursuit takes place without unreasonable delay after the offense is committed;
 "(2) The pursuit is initiated within the limits of the political subdivision, *** in which the peace officer is appointed, employed, or elected or within the limits of the territorial jurisdiction of the peace officer;
 "(3) The offense involved is *** any offense for which points are chargeable pursuant to section 4510.036 of the Revised Code."
 {¶ 7} At trial, Officer Roth testified that his police car was positioned approximately 500 yards to the west of the Village limits when he observed Freitag's vehicle. Officer Roth estimated that Freitag's vehicle was approximately 150-200 yards from the Village limits when he activated the Genesis Radar to record Freitag's speed. Officer Roth then pulled onto the street to follow Freitag, calling to his dispatcher to inform him of the stop while catching up to Freitag's car to effectuate the stop. At trial, Officer Roth admitted that he did not activate his overhead police lights until Freitag activated his turn signal to pull into his business. Upon approaching Freitag, Officer Roth told him that he had witnessed him going left of center and speeding while in the Village.
 {¶ 8} Freitag asserts that R.C. 2935.03 does not define the term "pursuit" and concludes, based on other definitional sources, that Officer Roth was not in "pursuit" because he did not activate his police lights while following Freitag's vehicle. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." Hubbard v. Canton City School Bd. of Edn.,97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 14. We do not consider the *Page 4 
statutory term "pursuit" to be ambigiuous, hence, "we need not interpret it; we must simply apply it." State v. Hairston, 101 Ohio St.3d 308,2004-Ohio-969, at ¶ 13. In doing so, we conclude Freitag's argument is without merit.
 {¶ 9} Here, Officer Roth observed Freitag while in the Village and pulled onto U.S. Route 42 to follow him. Thus, Officer Roth was in his jurisdiction when the alleged offense was committed and while still in his jurisdiction initiated the uninterrupted pursuit of Freitag without delay for a qualified offense under R.C. 2935.03(D)(3). See Heath v.Johnson, 5th Dist. No. 04-CA-29, 2005-Ohio-485, at ¶ 20 (concluding that the officer acted without unreasonable delay when he pursued and subsequently stopped defendant for speeding nearly 1.7 miles out of his jurisdiction). Moreover, we do not consider the fact that the traffic stop did not occur until the parties were nearly three-quarters of a mile outside of the Village limits to be meaningful, particularly since Officer Roth was in a stationary position when he observed Freitag and would have needed some time in which to reach Freitag's car in order to stop him.
 {¶ 10} Because we conclude that the stop complied with R.C. 2935.03, we reject Freitag's argument that there was a constitutional violation, as the protections afforded by Weideman only attach when there has been a violation of a state statute. Weideman, 94 Ohio St.3d at 504-5. Thus, Freitag's fifth assignment of error is overruled.
 Assignment of Error Number One "THE TRIAL COURT ERRED BY FAILING TO GRANT FREITAG'S MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE."
 Assignment of Error Number Two
 "THE JUDGMENT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE." *Page 5 
 Assignment of Error Number Three "THE JUDGMENT WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 11} In his first assignment of error, Freitag argues that the trial court erred in denying his motion for acquittal because the State failed to prove that: (1) the Genesis Radar was scientifically reliable; (2) the Genesis Radar was working properly and had been calibrated before his traffic stop; (3) Officer Roth was qualified to operate the Genesis Radar and that he properly did so; and (4) that there was any other competent evidence proving that Freitag was speeding. In his second assignment of error, Freitag argues that there was insufficient evidence to support his conviction because the Genesis Radar evidence was inadmissible and there was no other competent evidence that he was speeding. In his third assignment of error, Freitag argues that his conviction is against the weight of the evidence. Specifically, Freitag argues that Officer Roth's testimony was not credible and that his and his wife's testimony was more trustworthy.
 {¶ 12} "Inasmuch as a court cannot weigh the evidence unless there is evidence to weigh," we must first determine if the conviction was supported by sufficient evidence. See Whitaker v. M.T. AutomotiveInc., 9th Dist. No. 21836, 2007-Ohio-7057, at ¶ 13. Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991),61 Ohio St.3d 259, 279. Similarly, "[a] motion pursuant to Rule 29(A) is a challenge to the sufficiency of the evidence." State v. Ringkob (Mar. 25, 1998), 9th Dist. No. 18484, at *3.
 {¶ 13} Freitag was convicted of speeding in violation of Section 333.03(b)(3) of the Codified Ordinances of the City of West Salem, which states that "[i]t is prima-facie lawful, *** *Page 6 
for the operator of a motor vehicle to operate the same at a speed not exceeding *** [t]hirty-five miles per hour on all State routes or through highways within the Municipality outside business districts[.]" On appeal, this Court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d, at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} At trial, Freitag objected to Officer Roth's testimony regarding the use of the Genesis Radar to determine his speed. In response, the judge informed Freitag that "[j]udical notice was taken on the Genesis I and II [R]adar unit by this Court in the State of Ohio versus Roger Woosnam, this is case number TRD-02-02-0230." Additionally, in the Judgment Entry denying Freitag's motion for a new trial, the court wrote that, "[b]ased upon expert testimony [heard in State v.Woosnam], this Court determined that Genesis I II Radar Units are determined reliable by judicial notice." A comprehensive review of the record, however, reveals that the State failed to identify at Freitag's trial what specific version of the Genesis Radar was used to record his speed. The record does not contain any reference to the Genesis Radar I, the Genesis Radar II, or a different model of the Genesis Radar that was used by Officer Roth. As a threshold matter, the State needed to identify which Genesis Radar Officer Roth used before the trial court could take judicial notice. Even if Woosnam could serve as a proper basis upon which to take judicial notice under Rule 201(B)(1) or (2), the trial court could not do so in Freitag's case because the State never identified what Genesis Radar device was used by Officer Roth that night.
 {¶ 15} Having determined that the trial court erred in admitting the Genesis Radar's readings into evidence, the only admissible evidence proffered by the prosecution was Officer *Page 7 
Roth's testimony. Officer Roth testified that he has been employed as a police officer for the Village for the past seven years. On the night of Freitag's stop, Officer Roth was sitting in a marked police car with his windows down on the side of the road when he observed Freitag approaching. Officer Roth testified that he visually determined that Freitag's sport utility vehicle was speeding by looking into the side and rear view mirrors as Freitag's vehicle was approaching his police car. Officer Roth testified that he heard Freitag's sport utility vehicle approaching and that, "based on [his] training and experience[,] *** [the sound was] consistent with a vehicle that was [traveling] in excess of the posted speed limit." Specifically, Officer Roth stated that he heard the sport utility vehicle when it was nearly 450 yards away, which prompted him to check his mirrors and monitor the approaching vehicle visually for 150 yards before activating the Genesis Radar.
 {¶ 16} Officer Roth's testimony that he both saw and heard Freitag's vehicle traveling at a rate in excess of the posted speed, if believed, would properly support Freitag's conviction. See State v. Wilson (Nov. 20, 1996), 9th Dist. No. 95CA006285, at *1 (concluding that an officer's testimony as to his visual observation that a defendant was traveling in excess of the posted speed limit is adequate evidence to sustain a speeding conviction). Our review of the transcript, however, reveals that the trial judge did not consider this evidence in finding Freitag guilty of speeding. Before issuing her decision, the trial judge stated that:
 "I don't believe there is reasonable doubt as to the officer's testimony as to what your speed was on this particular evening at this particular time. We have a trained police officer. The officer was diligent. He was using the Genesis [R]adar. He calibrated it. He said it was functioning properly. We have no reason to believe that he was not using it in accordance with the way he was trained to use it. So I do find you guilty of this offense."
Thus, it appears that the trial judge relied solely on evidence that was not properly admitted and did not consider Officer Roth's testimony as to his visual and audible assessment of Freitag's *Page 8 
speed in making her determination. Given the trial court's failure to weigh Officer Roth's testimony at trial, we decline to do so for the first time on appeal. Accordingly, Freitag's first and second assignments of error are overruled. Freitag's third assignment of error is not ripe for our review at this point, and this case is remanded for further consideration of this issue.
 Assignment of Error Number Four "THE TRIAL COURT ERRED IN TREATING THE VIOLATION AS A PER SE VIOLATION, RATHER THAN A PRIMA FACIE VIOLATION."
 Assignment of Error Number Six "THE TRIAL COURT ERRED OVERRULING FREITAG'S MOTION FOR A NEW TRIAL."
 {¶ 17} In his fourth assignment of error, Freitag argues that the evidence does not support a finding that he was speeding in violation of § 333.03 of the Codified Ordinances of the Village of West Salem because that ordinance imposes a prima facie standard whereas the trial court treated the evidence as a per se violation of the ordinance. In his sixth assignment of error, Freitag argues that the trial court erred when it denied his motion for a new trial as untimely. He asserts that the motion was timely when he filed it on March 12, 2008, because the trial court did not properly journalize his conviction until March 11, 2008, despite the trial court finding him guilty at the conclusion of his trial on November 16, 2007.
 {¶ 18} As previously stated, § 333.03 of the Codified Ordinances of the Village of West Salem imposes a prima facie standard for speeding violations. The Supreme Court has stated that:
 "Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the *Page 9 
circumstances the speed was neither excessive nor unreasonable." Cleveland v. Keah (1952), 157 Ohio St. 331, paragraph one of the syllabus.
"What is `reasonable and proper under the circumstances,' *** is a question of fact. Where there is sufficient evidence to support a finding of guilty, a conviction will not be set aside." State v. Neff(1975), 41 Ohio St.2d 17, 18.
 {¶ 19} Having remanded this case for further consideration of the evidence adduced at trial, Freitag's fourth and sixth assignments of error are moot.
 III {¶ 20} Freitag's first, second, and fifth assignments of error are overruled. Freitag's third assignment of error is not ripe and his fourth and sixth assignments of error are moot. Accordingly, we reverse the conviction of the Wayne County Municipal Court and remand this case for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 10 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to both parties equally.
SLABY, P. J., DICKINSON, J. concur.