{¶ 18} I concur in judgment only. Although the majority determines Mr. Jenney forfeited any challenge to the reliability of the Python radar device utilized by Officer Santimarino, I note my continued disagreement with the need for trial and appellate courts to address the reliability of every different speed monitoring device utilized by law enforcement, as I believe the science underlying such devices has reached the point of general reliability within the scientific community. See State v.Freitag, 9th Dist. No. 07CA0082, 2008-Ohio-6573, ¶ 21-28 (Whitmore, J., dissenting). See, also, Cleveland v. Tisdale, 8th Dist. No. 89877,2008-Ohio-2807, at ¶ 18. Given the state of science underpinning radar technology, I consider the perpetuation of the requirement as "ha[ving] returned us to a pre-Ferell state of `[wasting] the time of experts *** and [increasing] the expenses of litigation *** by compelling such [experts] to appear in court after court telling the same truths over and over[.]'" Freitag at ¶ 25, quoting East Cleveland v. Ferell (1958),168 Ohio St. 298, 302.
 {¶ 19} And while I agree that the trial court should focus on the calibration and operational status of the particular device being used and the qualifications of the person using it, I disagree with the majority's contention that evidence such as a certificate of training is required to validate an officer's testimony that he or she has been properly trained in the use of the device. At the hearing, Officer Santimarino testified that he has worked in traffic enforcement since 1995. He testified that he was trained at the police academy to operate and calibrate Doppler radar devices and that he received certification of that training. He further stated that, at the beginning of his shift that day, he activated the machine's internal calibration test which indicated the machine was working properly. Additionally, he testified at length as to the external calibration testing he performed utilizing tuning forks, which also indicated that *Page 10 
machine was operating properly and accurately calibrated. Officer Santimarino confirmed on cross examination that he received training on the Python unit specifically when his police department began using it, but didn't recall the exact year of that training.
 {¶ 20} I consider Officer Santimarino's testimony as providing the court with sufficient evidence that he was qualified to operate the radar device in question. See Brunswick v. Dove, 9th Dist. No. 02CA0059-M, 2003-Ohio-2424, ¶ 6-7 (affirming a radar-based speeding conviction based on evidence in the record — the officer's own testimony — "reveal[ing] that [the officer] received training in the calibration and operation of the radar unit"). See, also, State v. Bayus, 11th Dist. No. 2005-G-2634, 2006-Ohio-684, at ¶ 19 (concluding that an "officer's testimony with respect to his or her qualifications and experience, is sufficient to establish that he or she is qualified to use the radar device"). To require the prosecution to introduce a certificate of training in every trial that occurs as the result of a speeding citation would impose too onerous a burden upon the prosecution and is unnecessary when a proper and thorough examination of the officer could otherwise demonstrate the officer was qualified to operate the radar device. Moreover, we do not require similar certification of training for officers who conduct field sobriety testing in convictions for driving under the influence offenses, which arguably requires more independent skill and training than does operating a speed monitoring device. See State v. Overholt (April 12, 2000), 9th Dist. No. 2980-M, at *5-6 (affirming a conviction for driving under the influence based solely on the officer's testimony that he was properly trained and qualified to conduct field sobriety testing).
 {¶ 21} While I agree that Mr. Jenney's speeding conviction was not based upon insufficient evidence or against the manifest weight of the evidence and should be affirmed, I disagree with the majority's conclusion that the trial court should not have permitted Officer *Page 11 
Santimarino to testify as to the speed he recorded using the Python radar device. Accordingly, I concur in judgment only. *Page 1