The STATE of Ohio, Appellee,

v.

FREITAG, Appellant.

[Cite as *State v. Freitag,* 185 Ohio App.3d 580, 2009-Ohio-6370.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 09CA0030.

Decided Dec. 7, 2009.

Martin Frantz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellee.

Brent L. English, for appellant.

CARR, Judge.

{¶ 1} Appellant, Daniel Freitag, appeals his conviction for speeding. This court reverses.

I

{¶ 2} On October 18, 2007, Freitag was driving his wife, Jane, and one of his employees through the village of West Salem on their way to Freitag's business outside the village. Patrolman Ken Roth, of the village police department, followed Freitag's vehicle outside the village and stopped him after he had turned into the driveway of his business. Patrolman Roth informed Freitag that he had stopped him for speeding and going left of center within the village limits,

although the officer cited Freitag only for speeding in violation of section 333.03 of the Codified Ordinances of the Village of West Salem ("Ord.").

{¶ 3} Freitag pleaded not guilty, and the matter proceeded to bench trial on November 16, 2007. At the conclusion of trial, the trial court found Freitag guilty solely upon consideration of the officer's use of a radar device to determine Freitag's speed. The trial court sentenced Freitag accordingly. Freitag timely appealed. This court overruled Freitag's assignments of error challenging the sufficiency of the evidence. *State v. Freiteg,*[1] 9th Dist. No. 07CA0082, 2008-Ohio-6573, 2008 WL 5205203. Although we concluded that the radar readings were not admissible evidence, we recognized that there was other evidence that the trial court could have properly considered. This court concluded that Freitag's manifest-weight-of-the-evidence challenge was not ripe because the trial court had rendered its guilty verdict solely upon consideration of evidence that was not properly admitted. We remanded the matter for further consideration of the properly admitted evidence, specifically the officer's "testimony as to his visual and audible assessment of Freitag's speed." *Freiteg* at ¶ 16.

{¶ 4} On remand, the trial court considered the officer's testimony regarding his visual and audible observations and found the officer credible. Based on the officer's testimony, the trial court found a prima facie violation of the speeding ordinance. It further found that Freitag had not met his burden of proving that a speed in excess of the posted limit was not unreasonable. The trial court found Freitag guilty and imposed sentence accordingly. Freitag has again appealed, raising three assignments of error for review. This court consolidates some assignments of error to facilitate review.

## II

### *ASSIGNMENT OF ERROR I*

The trial court erred by failing to grant appellant Freitag's motion for judgment of acquittal at the close of the state's case.

### *ASSIGNMENT OF ERROR II*

The judgment was not supported by sufficient evidence.

{¶ 5} Freitag argues that his conviction was not supported by sufficient evidence. This court disagrees.

{¶ 6} Crim.R. 29 provides:

---

1. This court's caption mirrored the trial court's spelling of the defendant's name in the original judgment entry of conviction and sentence. The trial court corrected the spelling of the defendant's name in subsequent orders.

(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Galloway* (Jan. 31, 2001), 9th Dist. No. 19752, 2001 WL 81257.

{¶ 7} The test for sufficiency requires a determination of whether the state has met its burden of production at trial. *State v. Walker* (Dec. 12, 2001), 9th Dist. No. 20559, 2001 WL 1581570. See also *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶ 8} In *Freiteg,* this court was compelled to address whether Freitag's conviction was supported by sufficient evidence. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect a criminal defendant from multiple prosecutions for a single offense. Accordingly, notwithstanding some procedural defect by the trial court warranting reversal, the state remains entitled to "one, and only one, full and fair opportunity" to prosecute the defendant in regard to a single offense. *Richardson v. United States* (1984), 468 U.S. 317, 330, 104 S.Ct. 3081, 82 L.Ed.2d 242. When a case is reversed on the basis of trial error, such as the improper receipt or rejection of evidence, the Double Jeopardy Clause does not prohibit retrial " 'where the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict.' " *State v. Brewer,* 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 17, quoting *Lockhart v. Nelson* (1988), 488 U.S. 33, 35, 109 S.Ct. 285, 102 L.Ed.2d 265.

{¶ 9} *Brewer* recognized the corollary, however, that the state is not entitled to retry a criminal defendant after reversal for trial court error if the state failed in the first instance to present sufficient evidence. Id. at ¶ 7–8. The Ohio Supreme Court emphasized that the interest in the administration of justice dictates that the appellate court review the issue of sufficiency in consideration of all evidence presented by the state in its case in chief, whether such evidence was properly admitted or not. Id. at ¶ 19.

{¶ 10} This court, therefore, previously considered whether Freitag's conviction was supported by sufficient evidence based on a consideration of all the evidence the state presented. In overruling his sufficiency challenges, we stated, "Officer Roth's testimony that he both saw and heard Freitag's vehicle traveling at a rate in excess of the posted speed, if believed, would properly support Freitag's conviction." *Freiteg* at ¶ 16. The Supreme Court of Ohio has held that the doctrine of the law of the case stands for the proposition that "[t]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410. See also *McDowell v. DeCarlo*, 9th Dist. No. 23376, 2007-Ohio-1262, 2007 WL 841040, at ¶ 11. As we have already determined this issue, our holding that Freitag's conviction was supported by sufficient evidence is now law of the case. Freitag's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

The judgment was against the manifest weight of the evidence.

{¶ 11} Freitag argues that his conviction for speeding is against the manifest weight of the evidence. This court agrees.

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten* (1986), 33 Ohio App.3d 339, 515 N.E.2d 1009, paragraph one of the syllabus. This discretionary power should be exercised only in exceptional cases when the evidence presented weighs heavily in favor of the defendant and against conviction. Id. at 340, 515 N.E.2d 1009.

{¶ 12} Freitag was convicted of speeding in violation of Ord. 333.03, which states, "No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions * * *." Ord. 333.03(a). Ord. 333.03(b)(3) states that it is prima facie lawful to operate a motor vehicle at a speed not exceeding 35 miles per hour on all state routes or through highways within the village. Ord. 333.03(c) states that it is prima facie unlawful for a person to exceed that speed limit.

{¶ 13} Patrolman Roth testified at trial that he was parked in his patrol car along the side of U.S. 42 at 9:16 p.m. on October 8, 2007, when he heard a vehicle

he could not yet see. He testified that based on the sound of the vehicle, he believed it was traveling in excess of the 35 m.p.h. posted speed limit. The officer testified that he "audibly heard the speeding, not the speed of the vehicle." Roth clarified: "As it approached I could hear the vehicle on the roadway which based on my training and experience it is consistent with a vehicle that was in excess of the posted speed limit."

{¶ 14} Roth testified that he heard Freitag's vehicle before he saw it. He further testified that he first observed Freitag's vehicle when it was approximately 100 to 150 yards behind him. He testified that he observed the vehicle only through his rear-view and side-view mirrors until it passed alongside his patrol car. Although he testified that there were other vehicles on the roadway, including one approaching from the same direction as Freitag's, Roth later testified that he would not have been able to hear any vehicles besides Freitag's.

{¶ 15} Roth testified that he learned how to audibly determine whether a vehicle was speeding from 150 yards away through his experience and training with an unidentified field-training officer when he first began working in the field seven years ago. He later admitted that once he began to follow Freitag's vehicle, he had no way of measuring speed unless he was driving in the same direction behind the vehicle because his radar does not work while his patrol car is moving.

{¶ 16} Freitag testified that he was driving a 2006 Lincoln Navigator sport-utility vehicle that evening. He testified that Roth told him that he pulled him over for driving left of the center line and for speeding. Freitag testified that it was "completely impossible" that he was speeding because he is aware that the police constantly patrol U.S. 42. He further testified that he assumes his sport-utility vehicle makes more noise than other vehicles.

{¶ 17} Jane Freitag testified that she was sitting in the back seat behind her husband as he was driving through the village. She testified that Freitag was driving "normally" and that he was not speeding because he never exceeds the speed limit in West Salem or anywhere else. Mrs. Freitag testified that while she could have seen the vehicle's speedometer from where she was sitting, she did not look at it while her husband was driving.

{¶ 18} In weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we conclude that this presents the exceptional case, where the evidence weighs heavily in favor of Freitag. The weight of the evidence does not support the conclusion that Freitag was exceeding the posted speed limit, specifically because Roth's testimony that he audibly and visibly determined that Freitag was speeding is not credible.

{¶ 19} As a preliminary matter, the determination of the speed of any number of makes and models of motor vehicles upon a roadway, based solely upon sound from a distance of more than 150 yards away, is certainly beyond the knowledge or experience of a lay person. We reach the same conclusion regarding the determination of speed by merely seeing headlights in a rear- and side-view mirror. Accordingly, Roth's testimony in this regard necessarily could have been offered only in the nature of expert testimony. Therefore, we question whether the officer was qualified as an expert based on specialized knowledge, skill, experience, training, or education and whether his testimony was based on reliable scientific, technical, or other specialized information. See Evid.R. 702.

{¶ 20} The officer testified that he was trained to audibly determine whether a vehicle is speeding; however, he did not explain how he was trained to do so. Moreover, the officer testified that he "audibly heard the speeding, not the speed of the vehicle." It is simply incredible, in the absence of reliable scientific, technical, or other specialized information, to believe that one could hear an unidentified vehicle "speeding" without being able to determine the actual speed of the vehicle. The officer offered no testimony regarding how he might have been trained to audibly distinguish various speeds, let alone to distinguish the speeds of various makes and models of vehicles. In addition, although he admitted that there was another vehicle on the roadway and traveling the same direction as Freitag's at the time, the officer did not explain why he could hear and distinguish Freitag's vehicle, while he could not even hear the other traffic.

{¶ 21} Roth testified that he also visually determined that Freitag was speeding by viewing Freitag's headlights in his rear-view and side-view mirrors. The officer did not testify that he saw Freitag's headlights in relation to any terrain or man-made features along the roadway or that he could determine the speed based on the time it took Freitag's vehicle to travel from one physical location to another. The officer did not testify as to how long it took Freitag's vehicle to reach his stationary patrol car. Moreover, the officer was not sure whether he first saw Freitag's headlights in his mirrors from a distance of 100 or 150 yards away.

{¶ 22} In the absence of any testimony regarding the specifics of Roth's training and that his audible and visual determinations of the speed of Freitag's vehicle under these specific circumstances were based on reliable scientific, technical, or other specialized information, the officer was not qualified to offer expert testimony; rather, his testimony was presented in the nature of lay-witness testimony. A thorough review of the record compels this court to conclude that the trier of fact lost its way and committed a manifest miscarriage

of justice in convicting Freitag of speeding. We emphasize that we have not weighed Roth's testimony as an expert because the state failed to demonstrate that he was qualified as such. Instead, this court has considered his testimony that Freitag was speeding based on the enunciated criteria that we conclude is incredible. Moreover, we recognize that the state prosecuted this case as a radar case and not an observation case. While a witness's lay testimony that he determined that a defendant was speeding based on his observations may support a conviction, *State v. Auerbach* (1923), 108 Ohio St. 96, 140 N.E. 507, the evidence in this case does not weigh in favor of the state. Accordingly, the conviction is against the manifest weight of the evidence. Freitag's third assignment of error is sustained.

## III

{¶ 23} Freitag's first and second assignments of error are overruled. His third assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOORE, P.J., concurs.

WHITMORE, J., concurs in part and dissents in part.

WHITMORE, Judge, concurring in part and dissenting in part.

{¶ 24} I concur with the majority's resolution of Freitag's first and second assignments of error. I respectfully dissent, however, from the majority's resolution of Freitag's third assignment of error, as I would affirm Freitag's conviction for the reasons previously articulated in my dissent in *State v. Freitag*, 9th Dist. No. 07CA0082, 2008-Ohio-6573, 2008 WL 5205203, at ¶ 21–28 (Whitmore, J., dissenting).