[Cite as *State v. Frederick*, 2019-Ohio-3532.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No.   18AP0041 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY FREDERICK | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.   2018 TR-D 5020 |

DECISION AND JOURNAL ENTRY

Dated: September 3, 2019

CARR, Judge.

{¶1}   Appellant, Anthony Frederick, appeals the judgment of the Wayne County Municipal Court.  This Court affirms.

I.

{¶2}   This matter arises out of a traffic stop that occurred in Wooster, Ohio, on May 22, 2018.  As a result of the stop, Frederick was charged with driving under a 12-point suspension in violation of R.C. 4510.037(J) and driving under a Financial Responsibility Act ("FRA") suspension in violation of R.C. 4510.16.  The State amended the charge of driving under a 12-point suspension to failure to reinstate a license in violation of R.C. 4510.21.  Frederick pleaded not guilty to the charges at arraignment.

{¶3}   The matter proceeded to a bench trial.  Frederick invoked his right to self-representation.  The trial court found Frederick guilty of driving under an FRA suspension.  The

charge of failure to reinstate a license was dismissed. The trial court imposed upon Frederick a $250 fine and assessed two points to his license.

{¶4} On appeal, Frederick raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN CONVICTING DEFENDANT FOR DRIVING UNDER FRA SUSPENSION BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT.

{¶5} In his first assignment of error, Frederick contends that the State failed to present sufficient evidence to convict him of driving under an FRA suspension. This Court disagrees.

{¶6} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶7} Frederick was convicted of driving under an FRA suspension in violation of R.C. 4510.16. R.C. 4510.16(A) states, in part:

> No person, whose driver's or commercial driver's license or temporary instruction permit or nonresident's operating privilege has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of suspension or

cancellation, except as specifically authorized by Chapter 4509. of the Revised Code.

{¶8} In support of his assignment of error, Frederick contends that the State failed to demonstrate that he was under an FRA suspension at the time he was pulled over on May 22, 2018. Frederick suggests that the responding officer in this case conducted an improper investigation into his driving record. Frederick further maintains that the officer's testimony regarding the information in the LEADS system was unreliable.

{¶9} At trial, the State presented evidence that supported the following narrative. On the afternoon of May 22, 2018, Frederick contacted the Wayne County Sheriff's Office in order to file a complaint against a representative from a bail bond agency who allegedly appeared at Frederick's residence and disturbed his family. Deputy Robert Ecker, along with his shift supervisor, responded to Frederick's residence located on Friendsville Rd. in Wooster. Deputy Ecker searched for Frederick in the LEADS system in order to obtain details for the purposes of making a report. The search of the LEADS system revealed that Frederick's driver's license was under suspension. After meeting with Frederick regarding his complaint, Deputy Ecker returned to his vehicle and prepared to leave. At that time, Deputy Ecker observed Frederick get into the driver's seat of a white van. Deputy Ecker warned Frederick not to drive because his license was suspended. Shortly after pulling away, Deputy Ecker observed the white van drive onto the roadway and proceed north on Friendsville Rd. before turning onto Armstrong Rd. Deputy Ecker initiated a traffic stop and confirmed that Frederick was driving the van. At trial, the State presented a certified copy of Frederick's driving record from the Ohio Bureau of Motor Vehicles showing that Frederick was under an FRA suspension on the date of the incident.

{¶10} In light of the aforementioned evidence, Frederick's assignment of error is without merit. As an initial matter, while Frederick hints that Deputy Ecker should not have

been permitted to testify regarding his knowledge of Frederick's driving record and the basis for stopping Frederick's vehicle, we are mindful that this Court must consider all of the evidence presented by the State at trial in resolving a sufficiency challenge. *State v. Freitag*, 185 Ohio App.3d 580, 2009-Ohio-6370, ¶ 9 (9th Dist.), citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 17. Furthermore, although Frederick contends that Deputy Ecker's testimony regarding the information in the LEADS system was unreliable, this Court must construe the evidence in the light most favorable to the State when analyzing the sufficiency of the evidence. *Jenks*, 61 Ohio St.3d at 279. The evidence at trial showed that Deputy Ecker initiated the traffic stop of Frederick's van soon after learning that Frederick's license was suspended. In addition to Deputy Ecker's testimony about the LEADS information, the State presented a certified copy of Frederick's driving record that showed he was under an FRA suspension on the date of the incident. It follows that Frederick cannot prevail on his claim that the State failed to demonstrate that he was under an FRA suspension at the time of the stop.

{¶11} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT IMPROPERLY SUSTAINED THE STATE'S OBJECTION PROHIBITING THE DEFENDANT FROM CROSS[-EXAMINING] THE POLICE OFFICER AS TO HIS OPINION AS TO THE ACCURACY OF THE LEADS INFORMATION HE RECEIVED ABOUT DEFENDANT[.]

{¶12} In his second assignment of error, Frederick contends that the trial court abused its discretion when it sustained the State's objection to a question regarding Deputy Ecker's knowledge of the reliability of the LEADS system. This Court disagrees.

{¶13} A determination concerning the admission or exclusion of evidence rests soundly within the discretion of the trial court. *State v. McKinney*, 9th Dist. Medina No. 3207-M, 2002 WL 22893, *3. An abuse of discretion is more than an error of judgment; it means that the trial

court was unreasonable, arbitrary or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} On direct examination, Deputy Ecker testified that he searched for Frederick in the LEADS system while preparing his report on the complaint involving the bail bond agency. At that time, Deputy Ecker learned that Frederick's driver's license was suspended. On cross-examination, Frederick again inquired of Detective Ecker why he ran a LEADS search for Frederick's name. Deputy Ecker responded, "As I stated earlier, Mr. Frederick, when you called us for a call for service with the Sheriff's Office I checked your information so I could enter it into my report for the call investigating the bail[] bond complaint that you had." After several additional questions about the process of creating the report, Frederick asked, "Now how reliable do you think that this LEADS report is?" The State objected on the basis that the court had not heard any testimony regarding whether Deputy Ecker "ha[d] any expertise as to the reliability of the system." The trial court sustained the objection "for [a] lack of foundation."

{¶15} In support of his assignment of error, Frederick maintains that the trial court erroneously sustained the State's objection because he merely sought Officer Frederick's personal assessment, based on his experience, regarding the reliability of the LEADS system. Frederick contends that the question did not seek to elicit expert testimony as governed by Evid.R. 702.

{¶16} Frederick's argument is without merit. Even assuming arguendo that Frederick's question was not aimed at eliciting an expert opinion pursuant to Evid.R. 702, Frederick still failed to establish a foundation that Deputy Ecker had personal knowledge regarding the reliability of the LEADS system. *See* Evid.R. 602. Although Deputy Ecker indicated that he had used the system during his career in law enforcement, nothing in his testimony showed that he

had personal knowledge of the accuracy or reliability of the system. Moreover, while Frederick suggests that he was "materially prejudiced" when the trial court sustained the State's objection, the State presented certified copies of his driving record demonstrating that Frederick' license was, in fact, suspended at the time of the incident. Under these circumstances, this Court cannot say that the trial court abused its discretion when it sustained the State's objection.

{¶17} The second assignment of error is overruled.

III.

{¶18} Frederick's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.