[Cite as *State v. Wilson*, 2024-Ohio-917.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 30590 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEROR WILSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2022-05-1856 |

DECISION AND JOURNAL ENTRY

Dated: March 13, 2024

CARR, Judge.

{¶1}    Appellant, Deror Wilson, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This matter arises out of an armed robbery that occurred at a Family Dollar in Akron on the evening of May 6, 2021.  In connection with the incident, the Summit County Grand Jury returned an indictment charging Wilson with one count of aggravated robbery with an attendant firearm specification.  Wilson pleaded not guilty at arraignment.  The matter proceeded to a bench trial where Wilson was found guilty.  The trial court imposed a total prison sentence of not less than 6 years and not more than seven and a half years.

{¶3}    On appeal, Wilson raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST APPELLANT[.]

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN DENYING APPELLANT['S] [] CRIM.R. 29 MOTION AS THE STATE FAILED TO MEET THE BURDEN OF PRODUCTION FOR THE AGGRAVATED ROBBERY WITH A FIREARM SPECIFICATION.

{¶4} In his first and third assignments of error, Wilson contends that his aggravated robbery conviction was not supported by sufficient evidence.

{¶5} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶6} Wilson was convicted of one count of aggravated robbery in violation of R.C. 2911.01(A)(1), which states "[n]o person, in attempting or committing a theft offense, as defined in [R.C. 2913.01], or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"

**{¶7}** In any criminal prosecution, the State must prove the identity of the perpetrator beyond a reasonable doubt. *State v. Flynn*, 9th Dist. Medina No. 06CA0096-M, 2007-Ohio-6210, ¶ 12. "As with any element of an offense, identity may be proved by direct or circumstantial evidence, which do not differ with respect to probative value." *State v. Dumas*, 9th Dist. Medina No. 20CA0029-M, 2021-Ohio-1534, ¶ 7.

**{¶8}** Wilson's sufficiency challenge focuses on the issue of identity. In specific regard to his first assignment of error, Wilson contends that the identity evidence presented by the State was tenuous and failed to demonstrate that he was the individual who perpetrated the armed robbery.

**{¶9}** At trial, the State presented evidence in support of the following narrative. On the evening of May 6, 2021, S.B. was working as an assistant manager at the Family Dollar located on Kenmore Boulevard in Akron. Approximately 15 minutes before the store's 10:00 p.m. closing time, S.B. was approached by a man wearing a black hoody and black pants who was carrying a Nike backpack. The man's hood was up and he was wearing a black COVID-19 facemask. Due to his mask, S.B. could only see the man's eyes, eyebrows, and the top of his nose. After asking about the price of several items, including a bag of chips, the man walked to the back of the store. S.B.'s coworker, A.A., assisted the last few customers in checking out. S.B. continued counting the cash in the register in preparation for closing the store. The man dressed in black then returned to the checkout counter. At that time, the man was carrying multiple Powerade drinks and he placed them on the counter. In reference to the money from the cash register, the man said, "I will take all of that." S.B. initially thought the man was joking. The man then asked, "Do you think

I'm f****** playing?" The man pulled up his shirt to reveal that he was in possession of a gun.[1]

A.A. began to call 9-1-1 but the man instructed her to stop and ordered her to turn around. A.A. exclaimed, "Please don't shoot me[.]" S.B. handed over the money. The man then directed S.B. to remove the cash from the next register as well. The man took possession of the cash and fled the store.

{¶10} After locking the doors to the store, S.B. and A.A. notified their supervisors and called the police. S.B. and A.A. were not able to identify the perpetrator due to his mask and hood. Based on their observations, however, S.B. and A.A. were able to see that the perpetrator was a black male who appeared to be a young adult. These observations were consistent with Wilson's description. A.A. testified that the perpetrator was not wearing gloves. As noted above, the perpetrator handled a number of store items during the course of the robbery. These items were submitted for fingerprint and DNA analysis by the Ohio Bureau of Criminal Investigation ("BCI"). At trial, forensic scientists from BCI gave expert testimony regarding items that the perpetrator touched during the incident. Based on a comparison of a fingerprint on the bag of chips handled by the perpetrator with a known impression of Wilson, a forensic scientist who specializes in fingerprint analysis testified that she was confident the fingerprint found on the bag of chips came from Wilson. A separate forensic scientist who specializes in DNA analysis testified regarding a berry blast flavored Powerade handled by the perpetrator. The forensic scientist testified that there was one individual who contributed the majority of the DNA on that bottle and that DNA profile was consistent with Wilson.

---

[1] A.A. testified that she saw a gun tucked into the man's pants. S.B. could not see the gun but, during her testimony, she explained her understanding that the point of him lifting his shirt was to show that he was armed.

{¶11} The aforementioned evidence, when construed in the light most favorable to the State, was sufficient to sustain Wilson's conviction for aggravated robbery with an attendant firearm specification. The State may rely on forensic evidence to establish the identity of a perpetrator. *See State v. Snyder*, 9th Dist. Summit No. 18923, 1999 WL 61067, *3 (Feb. 3, 1999). Here, the State presented both fingerprint and DNA analysis indicating that it was Wilson who handled the bag of chips and berry blast Powerade bottle while robbing the Family Dollar. Moreover, the State presented testimony establishing that Wilson was in possession of a firearm and that he used the threat of the deadly weapon in order perpetrate the offense. This evidence was sufficient to sustain Wilson's conviction.

{¶12} We note that Wilson seemingly presents an alternative sufficiency argument in support of his third assignment of error. Wilson suggests that the trial court erred in denying his Crim.R. 29 motion in regard to the aggravated robbery charge and attendant gun specification because its ruling was predicated on several erroneous evidentiary determinations during the State's case. Wilson points to several rulings, including the introduction of fingerprint and DNA evidence, in support of his position. This Court remains mindful that we must consider all of the evidence admitted at trial in resolving a sufficiency challenge. *Jenks*, 61 Ohio St.3d at 279. It is well settled that this Court cannot set aside certain pieces of evidence when analyzing whether the State presented sufficient evidence at trial. *See State v. Frederick*, 9th Dist. Wayne No. 18AP0041, 2019-Ohio-3532, ¶ 10. It follows that Wilson's third assignment of error is without merit.

{¶13} Wilson's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR II

MR. WILSON'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION[.]

{¶14} In his second assignment of error, Wilson argues that the weight of the evidence did not support the trial court's conclusion that he was the perpetrator of the robbery at the Family Dollar. This Court disagrees.

{¶15} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

{¶16} In support of his manifest weight challenge, Wilson argues that the trial court's finding that he was the perpetrator disregarded evidence about a potentially different suspect, C.B. Several police officers testified that, shortly after the incident, the officers were notified that an individual had been seen running through the backyards of houses in the vicinity of the Family Dollar. An officer who was driving through the area saw C.B., who was wearing a black hoody, standing in front of a house located on 18th Street Southwest near the Family Dollar. Akron police were familiar with C.B. because he had previously been linked to gang activity. Shortly thereafter, police approached the house in hopes of obtaining information about the Family Dollar robbery. The older man who answered the door was uncooperative and police were unable to determine if C.B. was inside the house. Although Wilson contends that police failed to adequately investigate C.B. as a potential suspect, this argument ultimately challenges the credibility of the officers, as well as their investigation, and the trier of fact was in the best position to resolve those issues. *See*

*State v. Whiteside*, 10th Dist. Franklin No. 95APA08-1092, 1996 WL 112655, *6 (Mar. 12, 1996) ("While it is true that the police could have done a better job investigating this incident and in collecting evidence, all of those credibility issues were for the jury to decide."). Furthermore, evidence that C.B. was in the area on the evening of the offense does not diminish or nullify the DNA and fingerprint that connected Wilson to the crime scene.

{¶17} Wilson further points to the Ohio Supreme Court's decision in *State v. Miller*, 49 Ohio St.2d. 198 (1977), in support of his argument that the trial court relied solely on forensic evidence in resolving the identity issue and failed to give adequate consideration to whether the other evidence presented at trial supported other theories of the case. In considering the probative value of fingerprint evidence, the *Miller* court observed that "[t]he crucial issue is whether attendant circumstances, such as the location of the accused's alleged fingerprint, the character of the premises where the print was found, and the accessibility of the general public to the object on which the print was impressed are sufficient to justify the trier of fact to conclude not only that the accused was at the scene of the crime when it was committed, but also that the accused was the criminal agent." *Id*. at 202-203. Notably, in this case, the State presented both fingerprint and DNA evidence linking Wilson to the crime scene. The State's forensic evidence related to items that the perpetrator picked up and carried to the counter during the course of the robbery. To the extent Wilson contends that the forensic evidence did not establish that he was at the Family Dollar at the specific time of the offense, the State presented evidence that the store employees did not recognize him as a frequent customer. Furthermore, while Wilson highlights minor inconsistencies in testimony of the State's witnesses, this Court remains mindful that "the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Darr*, 9th Dist. Medina No. 17CA0006-M, 2018-Ohio-2548, ¶ 32.

Under these circumstances, Wilson has not demonstrated on appeal that this is the exceptional case where the trier of fact clearly lost its way.

{¶18} The second assignment of error is overruled.

III.

{¶19} Wilson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ELLIOTT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.