[Cite as *State v. West*, 2024-Ohio-6070.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 23CA012055 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID WEST | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 23CR108293 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

CARR, Judge.

{¶1} Defendant-Appellant David Lee West appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} West was indicted on several felony counts, all of which were dismissed aside from a charge of failure to comply with an order or signal of a police officer. The matter proceeded to a jury trial on that single count. The jury found West guilty, and West was sentenced accordingly.

{¶3} West has raised two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶4}    West argues in his first assignment of error that the verdict was based on insufficient evidence as the State failed to establish that West was in the vehicle that fled from the police.  We will limit our review accordingly.

{¶5}    When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.  *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶6}    "In any criminal prosecution, the State must prove the identity of the perpetrator beyond a reasonable doubt."  *State v. Wilson*, 2024-Ohio-917, ¶ 7 (9th Dist.), citing *State v. Flynn*, 2007-Ohio-6210, ¶ 12 (9th Dist.).  "As with any element of an offense, identity may be proved by direct or circumstantial evidence, which do not differ with respect to probative value."  *Wilson* at ¶ 7, quoting *State v. Dumas*, 2021-Ohio-1534, ¶ 7 (9th Dist.).

{¶7}    At trial, Officers Cole Daniel and Brian Akers, who were both police officers with the Lorain Police Department and part of the patrol impact team, testified.  The patrol impact team is a proactive unit that patrols neighborhoods in order to locate individuals committing crimes, particularly violent crimes and drug crimes. On February 5, 2023, the two were partners and were in an unmarked car.  The vehicle had internal lights and sirens but no badging or exterior overhead bar lights.  They were working overtime on the 1:00 pm to 1:30 am shift.  Officer Daniel was the driver, and Officer Akers was the passenger.  Due to a number of incidents in the area, the two

were stationed at a bar on Pearl Avenue around closing time. West was suspected of being involved in incidents at the bar and surrounding area. Officer Daniel knew who West was as he had stopped West a few months prior. Officer Akers had not had any prior experience with West.

**{¶8}** When the officers noticed a vehicle that West was known to drive, they looked up information on West and photos of him. Officer Daniel testified that they did this for Officer Akers' benefit because he had no prior experience with West. At one point, Officer Daniel observed West walk out of the bar and get into the driver's seat of the car. This was concerning to Officer Daniel, as he knew West's license to be suspended. West was approximately 50 yards away from the officers, but Officer Daniel described the area as being fairly well lit. Officer Daniel testified that he was 100% certain that the person who got in the driver's seat was West. Likewise, at the time of trial, Officer Akers expressed 100% certainty that West was the person driving the vehicle. West was wearing a long-sleeved shirt that was either red or orange. Officer Akers testified that there was writing on the shirt on the chest, but he could not make out what it was. Two unidentified females also got into the vehicle.

**{¶9}** The vehicle drove away, and the officers followed the vehicle. Officer Daniel put on the lights and sirens and the vehicle eventually came to a stop, which told Officer Daniel that West understood that he was being pulled over. Officer Akers was wearing a body camera at the time. The video, which was played at trial and admitted into evidence, depicts the stop. Officer Akers exited the unmarked police car, and the vehicle West was driving lurched forward. Officer Daniels testified that the vehicle had never been placed in park. Officers spoke to West over a loudspeaker telling him to put the car in park and to stop the car. Nonetheless, the car drove off and led the officers on a high-speed chase. During the pursuit, Officer Akers indicated over the

radio that the driver "should" be West. Ultimately, the pursuit was called off by the officers' superior.

{¶10} Only hours later, around 7:00 am, West went to the Lorain Police Department on another matter. Sergeant Michael Hendershot with the Lorain Police Department interacted with West at that time. Images from Sergeant Hendershot's body camera were admitted into evidence. Sergeant Hendershot identified one of the men in the images as West, who was wearing a long-sleeved red shirt with white writing on the front. West told Sergeant Hendershot that he drove to the police station. Officers Daniel and Akers testified that one of the images from Sergeant Hendershot's body camera depicted the vehicle used in the police chase. They also indicated that West was wearing the same clothes in the photo from Sergeant Hendershot's body camera as West was at the time of the traffic stop.

{¶11} After reviewing the evidence in a light most favorable to the prosecution, we conclude that West has not demonstrated that insufficient evidence of identity was presented. Both Officer Daniel and Officer Akers identified West at trial as the person that drove the vehicle at issue. While West points to the lack of physical evidence or video to support that West was the driver, such evidence was not necessary for the State to obtain a conviction. *See State v. Washington*, 2005-Ohio-1878, ¶ 36 (1st Dist.); *State v. Bender-Adams*, 2024-Ohio-4897, ¶ 103, 105 (8th Dist.). Moreover, "[a] conviction may rest solely on the testimony of a single witness, if believed, and there is no requirement that a witness' testimony be corroborated to be believed." *Bender-Adams* at ¶ 105.

{¶12} Given the evidence in the record, and the argument on appeal, West has not demonstrated that his conviction is based on insufficient evidence. West's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶13} West argues in his second assignment of error that his conviction is against the manifest weight of the evidence.

{¶14} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id*.

{¶15} The owner of the vehicle testified for the defense. The owner, who was friends with West, testified that she had loaned the vehicle to West's son, who was licensed and insured. West was not to drive the car, and the owner was told that he did not drive it. According to the owner, West's son drove the car away and West was with his son. When the owner got her car back, the seat only had to be adjusted a little; the owner maintained that she would have had to adjust the seat more if West had been driving it. The owner also testified that, aside from the front windshield, the windows were heavily tinted because she had migraines.

{¶16} West argues that the weight of the evidence does not demonstrate that West was the driver of the vehicle. In support, he points to Officer Akers' statement over the radio that the

driver "should" be West. West argues that this indicates that Officer Akers thereby expressed uncertainty as to the identification. However, in his testimony at trial, Officer Akers indicated that he was 100% certain that the driver was West. This testimony was supported by the testimony of Officer Daniel, who had prior experience with West, and also identified West at trial, with 100% certainty, as the driver of the vehicle. Both officers noted West's attire as he left the bar as including a long-sleeved red or orange shirt. Later that morning, West was seen at the police department wearing the same clothing. He told police he had driven to the station and the vehicle at issue was also present at the station. West also asserts that the dark tinting on the vehicle's windows would have prevented identification of the driver. This argument is unavailing, however, as the officers identified West as he walked to the vehicle and got in the driver's seat. While it is true that the owner of the vehicle testified that she did not loan the vehicle to West, she had no personal knowledge as to whether he drove it. Given the foregoing, we cannot say that the jury was unreasonable in believing the testimony of the officers and in finding West guilty.

{¶17} West's second assignment of error is overruled.

III.

{¶18} West's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.